Richard **FILLINGIM,**
Petitioner–Appellant,

v.

Eddie **BOONE,** Sheriff of Leon County, Florida, et al., Respondents–Appellees.

No. 87–3370.

United States Court of Appeals,
Eleventh Circuit.

Jan. 22, 1988.

Richard Fillingim, pro se.

Richard L. Wilson, Orlando, Fla., for petitioner-appellant.

Gayle Smith Swedmark, Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, Fla., for respondents-appellees.

Before HILL and FAY, Circuit Judges, and ALLGOOD *, Senior District Judge.

PER CURIAM:

In June, 1982, Leon County, Florida enacted ordinance 82–32, commonly referred to as the Adult Entertainment Ordinance. This ordinance prohibits nude or semi-nude entertainment in commercial establishments where alcoholic beverages are sold, consumed or possessed on the premises.[1]

---

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Leon County Ordinance No. 82–32 specifically prohibits the following conduct:

Section 7. Prohibition:

(a) It shall be unlawful for any person to engage in nude or semi-nude entertainment in any commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises.

(b) It shall be unlawful for any female person, while on the premises of a commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises, to expose to public view that area of the human female breast at or below the areola thereof or to employ any device or covering which is intended to give the appearance of or simulate such areas of the female breast as described herein.

(c) It shall be unlawful for any person, while on the premises of a commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises, to expose to public view his or her genitals, pubic area, buttocks, anus or anal cleft or cleavage or to employ any device or covering which is intended to give the appearance of or simulate the genitals, pubic area, buttocks, anus or anal cleft or cleavage.

(d) It shall be unlawful for any person owning, maintaining, operating or leasing any commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises to suffer or permit any person on the premises to engage in nude or semi-nude entertainment.

(e) It shall be unlawful for any entertainer, performer or employee, while on the premises of a commercial establishment regulated under this ordinance to dance in such a manner as to simulate sexual activity with any patron, spectator, employee or other person not employed therein.

(f) It shall be unlawful for any entertainer, performer or employee, while on the premises of a commercial establishment regulated under this ordinance, to sit upon or straddle the leg, legs, lap or body of any patron, spectator or other person therein, or to engage in or simulate sexual activity while touching or being touched by said patron, spectator or other person.

(g) It shall be unlawful for any person owning, maintaining, operating or leasing a commercial establishment regulated under this ordinance to suffer or permit any violation of subsections (e) or (f) of this ordinance.

(h) It shall be unlawful for any person, while on the premises of a commercial establishment regulated under this ordinance, to use or be present in areas partitioned or screened from public view that are designed to be occupied together or alone by any person or persons on the premises of such establishment for sexual contact or private dancing performances.

(i) It shall be unlawful for any person owning, maintaining, operating or leasing a commercial establishment regulated under this ordinance to suffer or permit the construction, maintenance or use of areas partitioned or screened from public view that are designed to be occupied together or alone by any person or persons on the premises of such establishment for sexual contact or private dancing performances.

(j) It shall be unlawful for any person owning, maintaining, operating or leasing a commercial establishment regulated under this ordinance to suffer or permit any outside advertisement which encourages, solicits, induces or promotes conduct or activities proscribed by this ordinance in such establishment.

On August 14, 1982, fourteen people were arrested at Fannie's, a Tallahassee night club, for violating the ordinance. Richard Fillingim, the manager and one of the owners of Fannie's was among those arrested. Fillingim pled *nolo contendere* and was sentenced to thirty days in jail and fined. The petitioner served his sentence but continued to challenge the constitutionality of the ordinance. The district court, adopting the report and recommendation of the Magistrate, found the ordinance constitutional. Fillingim continues his arguments to this court contending that: Leon County had no authority to enact the ordinance; the ordinance is overbroad and vague and the ordinance was arbitrarily and discriminatorily enforced against him.

The issues before this court are the same ones considered by the court below. Each point was briefed extensively by both sides. The Magistrate provided the court with a very thorough and well-reasoned Report and Recommendation. The district court, after considering the appellant's objections, adopted the Magistrate's report.

 This court has reviewed the entire record, and after careful consideration AFFIRMS the district court on the basis of the Magistrate's opinion which was adopted by the district court and is attached hereto as Appendix A.

## APPENDIX A

RICHARD FILLINGIM, Petitioner,

v.

EDDIE BOONE, Sheriff of Leon County, Florida, et al., Respondents.

No. TCA 85–7151–WS.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

FILED: May 18, 1987

ORDER

STAFFORD, Chief Judge.

This cause comes on for consideration upon the magistrate's report and recommendation dated January 27, 1987 (document 29). All parties previously have been furnished copies of the report and recommendation and have been afforded an opportunity to file objections pursuant to Section 636(b)(1), Title 28, United States Code. The court has considered the report and recommendation and all objections thereto timely filed by the parties. Page 1 of the report and recommendation incorrectly shows petitioner's conviction date as January 24, *1983* rather than the true date of January 24, *1984*. Other than this typographical error, the court determines that the report and recommendation should be adopted in full.

Accordingly, it is now ORDERED:

1. The magistrate's report and recommendation is adopted and incorporated by reference in this order of the court.

2. The motion for summary judgment in favor of the petitioner is hereby DENIED.

3. The motion for preliminary injunction is likewise DENIED.

4. The Clerk of the Court is directed to prepare, sign and enter a judgment in accordance with Rule 58(1), Fed.R.Civ.P., that the petitioner take nothing and that this action be DENIED.

SUSAN M. NOVOTNY, United States Magistrate.

## REPORT AND RECOMMENDATION

The above-styled cause is before the court upon a petition for a writ of habeas corpus pursuant to the provisions of Section 2254, Title 28, United States Code. This suit challenges the constitutionality of a county ordinance prohibiting topless dancing. Immediately pending is petitioner's motion for entry of summary judgment.

On January 24, 1983, petitioner was convicted upon his pleas of nolo contendere of three violations of Leon County Ordinance No. 82–32, commonly referred to as the Adult Entertainment Ordinance. Petition-

er was sentenced to thirty days (consecutive) incarceration and payment of costs in the amount of $250.00 on each charge. During the pendency of this litigation, petitioner completed his term of incarceration. Costs, however, have not been paid. On January 29, 1985, Magistrate Crongeyer found that "Although the petitioner is no longer in custody, collateral legal consequences still attach to the sentence which was imposed." Thus the matter is still ripe for disposition.

Petitioner raises five grounds challenging the constitutionality of the Adult Entertainment Ordinance contending his First Amendment right of freedom of expression and his Fourteenth Amendment right to due process have been violated. He charges first that the Leon County Commissioners had no constitutional authority to enact said ordinance; second, that the ordinance is vague; third, that the ordinance is overbroad; fourth, that the ordinance was arbitrarily enforced in a discriminatory fashion; and fifth, that the ordinance unconstitutionally contains evidentiary-like, statutory presumptions.

The Adult Entertainment Ordinance, passed by the Leon County Commissioners on June 22, 1982, prohibits any person from engaging in nude or semi-nude entertainment in commercial establishments at which alcoholic beverages are available or sold, consumed, or possessed on the premises. Specifically the ordinance makes unlawful in such establishments a female person's exposure of her breasts "at or below areola thereof or to employ any device or covering which is intended to give the appearance of or simulate such areas of the female breasts," and any person's exposure of a person's "genitals, vulva, pubic area, buttocks, anus or anal cleft, or cleavage." In addition the ordinance prohibits a performer or employee dancing "in such a manner as to simulate sexual activity with any patron, spectator, employee or other person not employed therein." (The full text of the ordinance may be found at Exhibit B, Document 2).

Shortly after his arrest for violating Ordinance 82–32, petitioner challenged its con-stitutionality by seeking declaratory and injunctive relief in the Circuit Court for the Second Judicial Circuit of Florida in and for Leon County (Case No. 82–2319) and in the Tallahassee Division of the United States District Court of Northern Florida (Case No. TCA 83–7002). On June 17, 1983, Judge Maurice Paul dismissed the federal case relying upon the abstention doctrine, and on September 22, 1983 the Leon County Circuit Court dismissed the state case and rejected the various claims of constitutional infirmity. After his criminal conviction, petitioner again raised issues as to the constitutionality of the ordinance in his direct appeal; and, on February 8, 1984 the First District Court of Appeal of Florida denied his petition for a writ of certiorari, finding the ordinance to be constitutional. *Fillingim v. State*, 446 So.2d 1099 (Fla. 1st D.C.A., 1984).

Each of the arguments presented by petitioner will be discussed seriatim. It should be noted that during the pendency of this petition for writ of habeas corpus, new caselaw has developed in the Florida Supreme Court, the Eleventh Circuit Court of Appeals, and the United States Supreme Court which affects this court's analysis and ultimate decision.

## I. County Commission's Authority to Enact Ordinance

Before addressing the specific challenge tendered by the petitioner, the court recognizes as did the Eleventh Circuit in *Krueger v. City of Pensacola*, 759 F.2d 851, 854 (1985), that many of the initial inquiries into the constitutionality of an ordinance of this nature have been resolved. There is no question that topless dancing is a form of expression which is protected at least to some extent by the First Amendment. The Supreme Court in *California v. LaRue*, 409 U.S. 109, 116, 93 S.Ct. 390, 396, 34 L.Ed.2d 342 (1972) held a prescription of nude dancing infringes on forms of visual presentation which would not fall within the court's definition of obscenity. Thus, nude dancing is "not without its First Amendment protections from official regulation, although it may involve only the barest minimal of protected expression"

and "might be entitled to First and Fourteenth Amendment protection under some circumstances." *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 66, 101 S.Ct. 2176, 2181, 68 L.Ed.2d 671 (1981); *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975).

In an important case for this analysis, *New York State Liquor Authority v. Bellanca*, 452 U.S. 714, 716–17, 101 S.Ct. 2599, 2601, 69 L.Ed.3d 357 (1981), the Supreme Court discussed the power of a state to prohibit topless dancing in an establishment licensed by the state to serve liquor. The Supreme Court acknowledged that such performances merit the "barest minimum" of First Amendment protection, but found that the broad powers of the states to regulate the sale of liquor under the Twenty-first Amendment ("something more than the normal authority over public health, welfare and morals") outweigh any First Amendment interest. *California v. LaRue*, 409 U.S. at 114, 93 S.Ct. at 395. Specifically, the *Bellanca* court found:

> Whatever artistic or communicative value may attach to topless dancing is overcome by the State's exercise of its broad powers arising under the Twenty-first Amendment. Although some may quarrel with the wisdom of such legislation and may consider topless dancing a harmless diversion, the Twenty-first Amendment makes that a policy judgment for the state legislature, not the courts.

452 U.S. at 718, 101 S.Ct. at 2602; *Doran v. Salem Inn, Inc.*, 422 U.S. at 932–33, 95 S.Ct. at 2568.

Section 2 of the Leon County Ordinance No. 82–32 states:

> *Legislative authorization:* This Ordinance is enacted in the interest of the public health, peace, safety, morals and general welfare of the citizens and inhabitants of Leon County, Florida, pursuant to Article VIII, Section 1(f), of the Florida Constitution and Section 125.01(1)(*o*) and (w) of the Florida Statutes (1981), and under the authority of the county to regulate the sale and consumption of alcoholic beverages, pursuant to the Twen-

ty-first Amendment to the Constitution of the United States.

Petitioner challenges the commissioners' authority to enact such an ordinance contending, first, that the county does not possess the regulatory powers of the Twenty-first Amendment, and second, that the county has improperly exercised its police power.

As cited above, petitioner has argued the constitutionality of Ordinance No. 82–32 in various state and federal forums. In reviewing the petition for certiorari on the direct appeal of his conviction, Florida's First District Court of Appeal examined the county's powers in terms of the Twenty-first Amendment and found the county's adoption of the ordinance to be constitutionally proper:

> The Twenty-first Amendment to the United States Constitution provides the source of the state's police power of regulation over the distribution or use of intoxicating beverages. We agree with the petitioner's argument that the Twenty-first Amendment does not *directly* confer authority upon *municipalities* or *counties* to oversee conduct in licensed beverage premises; that authority is, however, derived from our state's constitution and statutes. See Article VIII, Sections 2(b) and 5 (as to municipalities) and Article VIII, Section 1(f) (as to non-chartered counties), Florida Constitution (1968). Non-chartered counties such as Leon County are vested with broad powers of self-government under Section 1(f): the only expressed limitation upon their power to act is that their ordinances be not inconsistent with general or special law, or conflict with a municipal ordinance adopted by a municipality within the county. No one has argued that any municipal ordinance within Leon County conflicts with Ordinance 82–32. Nor do we perceive any inconsistency between the ordinance and general or special law. Admittedly, Section 125.01(1)(*o*), Florida Statutes, when read without reference to other portions of Section 125.01, offers support to petitioner's argument that Leon County is without authority to regulate nude entertainment on licensed

beverage premises inside the *incorporated* areas of the county, in that it empowers counties to "[e]stablish and enforce regulations for the sale of alcoholic beverages in the unincorporated areas of the county pursuant to general law ..." (e.s.) When the above subsection is construed in pari materia with other subsections of Section 125.01, we find that counties are given broad powers to regulate. For example, Section 125.01(1), Florida Statutes, states that "[t]he legislative and governing body of a county shall have the power to carry on county government ... [and] [t]o the extent not inconsistent with general or special law, this power shall include, *but shall not be restricted to,* the power to:

(t) Adopt ordinances and resolutions necessary for the exercise of its powers and prescribe fines and penalties for the violation of ordinances in accordance with law ...

(w) Perform any other acts not inconsistent with law which are in the common interest of the people of the county, *and exercise all powers and privileges not specifically prohibited by law."*

We therefore conclude that the ordinance as adopted cannot be considered an ultra vires act of the Leon County Commission. [citations omitted].

*Fillingim v. State,* 446 So.2d 1099 (Fla. 1st D.C.A. 1984).

Although petitioner could not pursue the First District Court of Appeals' ruling to the Florida Supreme Court, the Florida Supreme Court adopted the lower court's analysis in their review of a similar ordinance passed by the City of Daytona Beach. The Supreme Court concluded that "Florida municipalities (and counties, see *Fillingim v. State*) thus have the authority to exercise the regulatory power of the Twenty-first Amendment recognized in *New York State Liquor Authority v. Bellanca* [citations omitted]". Speaking for the majority, Justice Ehrlich reasoned:

The state's power to regulate conditions in licensed premises is derived from its power to totally prohibit sales: "The state's power to ban the sale of alcoholic beverages entirely includes the lesser power to ban the sale of liquor on premises where topless dancing occurs." *Bellanca.* While the City of Daytona Beach does not have the power to ban liquor sales, the powers of the state devolve to municipalities to "exercise any power for municipal purposes except as otherwise provided by law." " 'Municipal purpose' means any activity or power which may be exercised by the state or its political subdivisions." "[T]he legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except: ... (c) Any subject expressly preempted to state or county government by the constitution or by general law." The Florida Constitution and the statutes thus imbue the City with the state's full police powers, including those under the twenty-first amendment, except those powers *expressly* preempted. [citations omitted].

*City of Daytona Beach v. Del Percio,* 476 So.2d 197, 201 (Fla.1985).

Petitioner relies heavily upon an Eleventh Circuit case with which this court is familiar, *Krueger v. City of Pensacola, supra.* In *Krueger,* the Eleventh Circuit found a Pensacola ordinance, very similar to that enacted by Leon County, to be unconstitutional. In recognizing *New York Liquor Authority v. Bellanca* and the *state's* authority to regulate pursuant to the Twenty-first Amendment, the Eleventh Circuit concluded that:

Because Florida has not delegated its regulatory authority to municipalities, however, Pensacola must justify its ordinance under the stricter standard typically used to review an infringement on a protected liberty interest justified solely under the government's police power. (citations omitted).

759 F.2d at 854–55. It is important to note that *Krueger* was decided after *Fillingim v. State,* but three months before the Florida Supreme Court's decision in *City of Daytona Beach v. Del Percio.* It is clear that, since *Krueger,* the Florida courts have now unquestionably ruled that the state's regulatory powers under the

Twenty-first Amendment have been delegated through that state's constitution and laws to the counties.

On January 14, 1987, the Eleventh Circuit reviewed an Alabama city ordinance which, much like the Leon County Ordinance, prohibits the exhibition of certain portions of the female anatomy in drinking establishments. *Lanier v. City of Newton, Alabama,* 807 F.2d 922 (11th Cir.1987). There, the appellate court certified certain questions to the Alabama Supreme Court to clarify matters of state law so as to avoid the situation in *Krueger,* where the Eleventh Circuit determined Florida had not delegated its Twenty-first Amendment authority only to then have the Florida Supreme Court rule to the contrary. Although not dispositive, in *Lanier* the Eleventh Circuit provides through its certified questions insight into the method of analyzing the constitutionality of a local anti-nudity ordinance in Florida after the *Del Percio* ruling.

In applying the *Lanier* analysis to the case *sub judice, Del Percio* clearly established that the State of Florida has delegated its Twenty-first Amendment powers to the municipalities and counties. Impliedly, local governments may exercise these powers without the explicit authority of the electorate. Since there has been no express preemption of the power to regulate behavior inside licensed establishments selling liquor, and no preemption of power to regulate non-obscene exposure, a Florida county may exercise its delegated authority under the Florida constitution and laws. Furthermore, in *Del Percio,* the Florida Supreme Court essentially determined that it is consistent with the State's statutory and regulatory scheme over liquor licenses for local governmental entities to impose criminal as well as civil penalties for violations of such ordinances. Thus, in transposing the *Lanier* analysis to a Florida county ordinance which restricts behavior inside licensed businesses selling liquor, the petitioner's claim of lack of authority on behalf of the Leon County Commission to pass such an ordinance fails.

In his motion for summary judgment, petitioner argues that the *Krueger* analysis (that is, rejecting the concept of delegated Twenty-first Amendment powers and instead requiring satisfaction of the "strict scrutiny" test applicable to use of police power) should be employed by this court in spite of the Florida Supreme Court decision in *Del Percio.* In support thereof, petitioner cites a recent Sixth Circuit decision, *Iacobucci v. City of Newport, Kentucky,* 785 F.2d 1354 (6th Cir.1986). There, the Sixth Circuit determined a city ordinance which prohibited nude or nearly nude dancing in establishments selling liquor to be an unconstitutional exercise of police powers outside the realm of the Twenty-first Amendment:

> Given the express statutory authorization for cities to conduct popular elections on the question of local prohibition, as required by the Kentucky Constitution, it is very doubtful that a city in Kentucky may *by ordinance* "ban the sale of alcoholic beverages entirely." Therefore, even assuming that Kentucky has, in some metaphysical sense, delegated its Twenty-first Amendment power to the City of Newport, the ordinance does not fall within the *Bellanca* doctrine. A city cannot exercise in part a power it does not whole in full, and the citizens of the city have not chosen to exercise the power granted to them by K.R.S. § 242.010–242.990 and § 61 of the Kentucky Constitution. (citations omitted).

*Id.* at 1358. On November 17, 1986, however, the United States Supreme Court reversed the Sixth Circuit's decision. *City of Newport, Kentucky v. Iacobucci,* —— U.S. ——, 107 S.Ct. 383, 93 L.Ed.2d 334 (per curiam) (1986). Without ruling upon the "state-law question of delegation of authority by the Commonwealth (of Kentucky) to the City of Newport," the Supreme Court found passage of the ordinance to be within the city's Twenty-first Amendment powers since the city commissioners had determined (as stated in the preamble of the ordinance) that "nude dancing in establishments serving liquor was 'injurious to the citizens' of the city" and that regulating such dancing was necessary to "pre-

vent[ing] blight and the deterioration of the City's neighborhoods" and "decreas[ing] the incidence of crime, disorderly conduct and juvenile delinquency." In relying upon *California v. LaRue, supra,* the Supreme Court held the city's "interest in maintaining order outweighs the interest in free expression by dancing nude."

The Supreme Court in *Iacobucci* specifically addressed and rejected petitioner's argument presented in his Motion for Summary Judgment that only the citizens of the county have the authority through their majority vote to regulate the sale of liquor in the county:

> Because a Kentucky city cannot ban the sale of alcohol without election approval, the court concluded that it similarly cannot regulate nude dancing in bars. In holding that a State "has broad powers ... to regulate the times, places, and circumstances under which liquor may be sold," *Bellanca,* 452 U.S. at 715 [101 S.Ct. at 2600], this Court has never attached any constitutional significance to a State's Division of its authority over alcohol. The Twenty-first Amendment has given broad power to the States and generally they may delegate this power as they see fit.
>
> ... the rationale of the opinion of the Court of Appeals implies that, because of the Kentucky Constitution, neither the State nor the city may revoke a liquor license under the authority of the Twenty-first Amendment. Only a strained reading of *Bellanca* would require each licensing decision to be made by plebiscite. Moreover, there is no statutory provision that gives the voters direct authority, once the sale of alcohol is permitted, to determine the manner of regulation.

The same rationale is applicable to the Florida Constitution and statutes as cited in the *Del Percio* and *Fillingim* decisions.

Finally, and in accordance with the determination and recommendation of the undersigned, the United States District Court in the Middle District of Florida (Orlando Division) recently (after *Krueger* and *Del Percio* but before *Iacobucci* and *Lanier*)

found constitutional a Volusia County ordinance nearly identical to that of Leon County. After considering *Bellanca,* the Eleventh Circuit decisions of *Krueger* and *Grand Faloon Tavern, Inc. v. Wicker,* 670 F.2d 943, *cert. denied,* 459 U.S. 859, 103 S.Ct. 132, 74 L.Ed.2d 113 (1982), and the Florida *Del Percio* decision, District Judge Sharp found the Volusia County Commission empowered to enact the ordinance:

> The Florida Supreme Court has stated plainly and blatantly that *Bellanca* and the Twenty-first Amendment are now the current analysis for cases involving ordinances prohibiting topless dancing in establishments dealing in alcohol on the premises. A legislative decision has been made, now upheld by the judicial decision in *Del Percio.*

*Jorgenson v. County of Volusia,* 625 F.Supp. 1543, 1547 (M.D.Fla.1986). In fact, in his published opinion, Judge Sharp commented that it was "inconceivable that plaintiffs would analyze their case with *Grand Faloon* and *Krueger* since these cases were decided before *Del Percio* ...". *Id.*

In light of the aforesaid, the undersigned concludes and recommends a finding that the Leon County Commission acted within its delegated constitutional authority in passing Ordinance 82–32. Because the authority to enact is derived from the state's powers under the Federal Constitution rather than from the county's police power, extensive and detailed legislative findings based upon substantial evidence that the prohibited activity contributes to criminal activity in the county are not required. *See Bellanca,* 452 U.S. at 717, 101 S.Ct. at 2601; *cf. Grand Faloon Tavern, Inc. v. Wicker,* 670 F.2d at 950. Rather, the purposes outlined within the ordinance sufficiently demonstrate that the elected county commissioners chose to avoid the disturbances associated with mixing alcohol and nude or semi-nude exhibitions by means of a reasonable restriction upon those establishments which sell liquor for purposes of consumption. *See,* Ordinance 82–32, §§ 4(b)(e)(f); *Bellanca, id.; Iacobucci, supra.* A presumption exists in favor of the validity of a regulation under

the Twenty-first Amendment, and by enacting this ordinance, the Leon County Commissioners certainly did not "act with total irrationality or invidious discrimination in controlling the distribution and dispensation of liquor" within their jurisdiction. *See, Iacobucci, supra; California v. La-Rue,* 409 U.S. at 118–119, 120, 93 S.Ct. at 397, 398 (Stewart, J., concurring).

Therefore, as to petitioner's first argument, habeas relief is not appropriate.

## II. *Vagueness*

Petitioner contends that Leon County Ordinance 82–32 is unconstitutionally vague as to the physical exposure prohibited. Specifically the ordinance prohibits the exposure of "that area of the human female breast at or below the areola thereof". Petitioner argues that this terminology is not easily interpreted by reasonable persons, police officers and jurists. In presenting this claim to state court, petitioner was unsuccessful. The First District Court of Appeal rejected the contention and found that the ordinance sufficiently defined and described its prescriptions concerning the extent of exposure forbidden. *See, Fillingim v. State,* 446 So.2d at 1104.

In reviewing similar language in *City of Daytona Beach v. Del Percio,* the Florida Supreme Court applied the standard established by the United States Supreme Court in *Broadrick v. Oklahoma,* 413 U.S. 601, 608, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830 (1973), quoting *United States Civil Service Commission v. National Association of Letter Carriers, AFL/CIO,* 413 U.S. 548, 578–79, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973), that when regulations are "set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, [there is no] sacrifice to the public interest." The Florida Supreme Court concluded that the "plain meaning of the ordinance is clear ... the plain meaning of the statute is, as the city suggests, that no portion of the breasts directly or laterally below the top of the areola may be exposed to public view." 476 So.2d at 200. More recently,

the federal district court in the Middle District of Florida, in examining the Volusia County ordinance, referred to the *Del Percio* decision's reliance upon *Broadrick v. Oklahoma,* and declined to find vague the language of that ordinance. *Jorgenson v. County of Volusia, supra.*

Thus, in accordance with the aforesaid authority, petitioner's claim of unconstitutionality based upon vagueness should be rejected.

## III. *Overbreath*

The petitioner next argues that the Leon County ordinance is overbroad in terms of the scope of the places restricted, the potential penalties, and the scope and form of expression prohibited. Like his challenge as to vagueness, petitioner argued overbreath in state court proceedings. Florida's First District Court of Appeal found the ordinance sufficiently "defines and describes its prescriptions in terms of place, type of conduct, and extent of exposure forbidden." *Fillingim,* 446 So.2d at 1104. In *Del Percio* the Florida Supreme Court also addressed a claim of overbreath as to the Daytona Beach ordinance. There, the Florida Supreme Court found the plaintiff to be without standing to raise liberty interests on behalf of customers, but as to employees, found the ordinance not to be overbroad with respect to the scope and form of expression prohibited.

Under the doctrine of overbreath, an ordinance is unconstitutional if it reaches more broadly than is reasonably necessary to protect legitimate governmental interests at the expense of First Amendment freedoms. The Supreme Court has cautioned, however, that the invalidation of an ordinance for facial overbreath is a remedy that should be applied "sparingly and only as a last resort." *Broadrick v. Oklahoma,* 413 U.S. at 613, 93 S.Ct. at 2916. In reviewing the petitioner's claims in accordance with the four-part test enunciated in *United States v. O'Brien,* 391 U.S. 367, 376, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672 (1968), and as applied by the Eleventh Circuit with a similar claim of overbreath in *Grand Faloon Tavern, Inc. v. Wicker, su-*

*pra,* it is clear that in light of the Twenty-first Amendment power utilized to enact the ordinance, a substantial governmental interest is furthered by the ordinance and the incidental restrictions on First Amendment freedoms is no greater than essential to further that interest.

Thus, the undersigned finds the petitioner's claim that the overbreath of the ordinance violates his First, Fifth and Fourteenth Amendment rights to be without merit and habeas relief is not required.

## IV. *Selective Prosecution*

Petitioner contends that, although the establishment known as Fannie's was owned by two other individuals in addition to himself, he was the only person arrested. Thus he argues that habeas relief should be granted due to the unconstitutional discrimination and selective enforcement of this criminal ordinance.

Petitioner recognizes that to prevail on a selective prosecution claim, he must make a prima facie showing that he has been singled out for prosecution while others similarly situated and committing the same acts, have not been prosecuted. Petitioner must further show that the government prosecuted him invidiously or in bad faith. *Owen v. Wainwright,* 806 F.2d 1519 (11th Cir., 1986); *United States v. Pleasant,* 730 F.2d 657, 663 (11th Cir.1984); *United States v. Lichtenstein,* 610 F.2d 1272, 1281 (5th Cir.), *cert. denied sub nom, Bella v. United States,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). The burden of proof in making a prima facie showing of selective prosecution has been characterized as "heavy". *United States v. Johnson,* 577 F.2d 1304, 1308 (5th Cir.1978).

Although petitioner presents a strong case that other "owners" of the establishment were not arrested and prosecuted, it is noted that he, unlike the others, apparently acted in the capacity of manager of the establishment. Although the other owners may be just as susceptible to criminal prosecution simply due to their status as owners, petitioner has not established that their actions were the same as his and that they were indeed "similarly situated." Nevertheless, in light of the preceding discussion as to the constitutionality of the ordinance, it is clear that the petitioner was not prosecuted "invidiously or in bad faith." The invidiousness requirement is satisfied only if it can be established that the government's selective prosecution is motivated by constitutionally impermissible motives such as racial or religious discrimination or interference with the legitimate exercise of constitutional rights. *United States v. Lichtenstein, supra.* Here there was no infringement of constitutional rights.

The conscious exercise of selectivity in enforcement of an ordinance is not in and of itself a federal constitutional violation. *Owen v. Wainwright, supra; Oyler v. Boles,* 368 U.S. 448, 450, 82 S.Ct. 501, 501, 7 L.Ed.2d 446 (1962). Merely because the Leon County Sheriff's Department devoted its resources to arrest the apparent primary organizer and manager of the establishment, this does not indicate anything more than a reasonable interest in enforcing the ordinance and effecting its stated purposes. *See, United States v. Johnson, supra.* Thus, petitioner's fourth argument fails to merit habeas corpus relief.

## V. *Evidentiary Presumptions*

Petitioner contends that Leon County Ordinance 82–83, §§ 8 and 9 are facially unconstitutional due to their inclusion of unauthorized evidentiary presumptions violative of the Fifth and Fourteenth Amendments.

Section 8 of Ordinance 82–83 reads as follows:

*Presumptions:* The following presumptions shall apply in actions brought for violation of this ordinance:

(a) Any person who owns, maintains, operates, leases, or enters a commercial establishment where nude or semi-nude entertainment actually takes place on the premises in violation of this ordinance is *presumed to be aware* that said nude or semi-nude entertainment is taking place in the establishment. (Emphasis added).

(b) Any establishment which has received an occupational license to operate commercially is presumed to be a commercial establishment.

Petitioner's initial argument with respect to Section 8 of the ordinance addresses the power or authorization of the Leon County Commission to enact evidentiary presumptions within local ordinances. Petitioner suggests that, first, the Florida Constitution specifically prohibits such action, and second, any power which is possessed by the county has been preempted by the state through passage of the Florida Evidence Code. Petitioner's argument is not persuasive.

As noted within the preceding sections, Florida counties are empowered to enact ordinances in accordance with delegated powers under the Twenty-first Amendment. These ordinances, like other enactments of a local legislative body, may include permissible presumptions and inferences. *See,* 23 Fla.Jur.2d *Evidence* § 11 (1980). The adoption of the Florida Evidence Code does not bar either state or local governments from including within legislation declarations that proof of one fact may create the presumption of another fact. The Florida state legislature, for example, has enacted numerous individual statutes, separate from the Evidence Code, that include evidentiary presumptions (e.g., Fla.Stat. 100.291; Fla.Stat. 658.94; Fla. Stat. 689.19). Negating petitioner's preemption argument, it is clear that the Florida Evidence Code sections relating to presumptions do not apply to criminal prosecutions as they affect only civil cases. Fla. Stat. 90.301(4). And finally, although Article III, Section 11(a)(3) of the Florida Constitution prohibits a "special or general law of local application pertaining to ... rules of evidence in any court", it is apparent from the text of that section, and the commentary thereafter, that the prohibition extends only to "rules of evidence" per se.

Petitioner secondly argues that Section 8 of the Adult Entertainment Ordinance is facially arbitrary, irrational, and in violation of his Fifth and Fourteenth Amendment rights.

There is no doubt that the Due Process Clause of the Fourteenth Amendment prohibits states from legislating evidentiary presumptions that relieve the prosecution of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). If a statute includes a mandatory rebuttable presumption which eliminates the state's affirmative burden of persuasion on an element of the offense (and requires the defendant to persuade the jury not to make such a finding), that statute may be unconstitutional. *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.3d 344 (1985). As Justice Brennan noted in *Francis v. Franklin,* the federal question in determining the constitutionality of such a presumption is whether a reasonable finder of fact could have understood the instructions relating to a statute to have created a mandatory presumption that shifts the burden of persuasion on an element of the offense to the defendant once the prosecution proves the predicate act. *Id.* Here, of course, jury instructions are not at issue since the petitioner entered pleas of nolo contendere; but a statute which eliminates the prosecution's affirmative burden of proving one of the elements of an offense is analyzed in accordance with the same principles as jury instructions that would be based on that statute. *Miller v. Norvell,* 775 F.2d 1572 (11th Cir.1985), *cert. denied,* 476 U.S. 1126, 106 S.Ct. 1995, 90 L.Ed.2d 675.

Since jury instructions are not in issue here, the actual words of the ordinance must be closely analyzed to determine the nature of the presumption and whether it is actually conclusive or rather a permissible inference. The undersigned recognizes, that had this conviction resulted from a jury verdict, the jury instructions presented may have been more detailed and explanatory than the exact language of the ordinance. Nevertheless, the presumption in Section 8(a) of the ordinance clearly allows that once the prosecution proves that a person is an owner, maintainer, operator, lessee or customer of an establishment where nude or semi-nude entertainment takes place, no further evidence need be

introduced to prove that person's awareness or knowledge of that entertainment. Section 8(a) does not, however, explicitly preclude evidence in rebuttal, nor does it raise a presumption as to the ultimate fact in issue or an element of the offense. For an owner, maintainer, operator, lessee, or customer to violate the Leon County Ordinance, that person must "suffer or permit" any person on the premises to engage in nude or semi-nude entertainment or other specific prohibited acts enumerated within the ordinance. *See* § 7(d), (g), (i), (j). Knowledge on behalf of the defendant is not an element of the offense—the prosecution must prove that the defendant "suffered or permitted" the prohibited activity to present a prima facie case.

■ The undersigned finds that, as the statute stands, the challenged language does not explicitly create an unconstitutional burden-shifting presumption as to the element of "suffering or permitting". The term "to suffer or to permit" implies knowledge, but requires more than knowledge; that element of the offense requires affirmative proof (direct or circumstantial) of the defendant's allowing, consenting, approving, acquiescing, agreeing, or failing to prevent the prohibited acts. (*See,* Black's Law Dictionary, 4th Ed., 1298 ("permit"), 1601 ("suffer"). Quite simply, the presumption included within Section 8(a) does not improperly shift the burden of persuasion to the defense on an essential element of the offense as defined in the ordinance. *See Franklin v. Francis, supra,* and at 720 F.2d 1206, 1210 (11th Cir.1983).

■ In addition to the above, the undersigned finds that the presumptions included within Section 8 are neither irrational nor arbitrary. The mandatory rebuttable presumption in § 8(a) allows that the proven fact (that the defendant is an owner, etc.) may be the only evidence of the presumed fact (that the defendant is "aware"), but it does not allow the presumption to be the only evidence as to an element of the offense. Under the circumstances giving rise to this particular presumption in this particular ordinance, it is not unreasonable to conclude, based upon common experience, that it is "more likely than not" that an owner, manager, operator, etc., would in

fact "be aware" of what type of entertainment was being offered at his establishment. There is a sufficient rational connection between the fact proved and the fact presumed. *See, Ulster County Court v. Allen,* 442 U.S. 140, 166–67, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); *Cosby v. Jones,* 682 F.2d 1373, 1376–77 (11th Cir.1982).

■ It is apparent that in the aforesaid arguments, petitioner challenges the facial constitutionality of Section 8. When that Section is examined in light of petitioner's individual situation, his claim of unconstitutionality of the ordinance as it applies to himself similarly fails. The record is clear that petitioner was the owner-manager of the business and had direct participation in planning the entertainment to be offered. (See Exhibit H within Doc. 21, and page 44, Doc. 21). No place in the record is there any indication that petitioner claimed he was unaware of the nature of the nude and semi-nude activity, or that he did not "suffer or permit" it to occur. Even should Section 8 be found to be on its face an unconstitutional mandatory presumption, such constitutes only harmless error as it applies to this petitioner. *See Miller v. Novell,* 775 F.2d at 1576, citing *Davis v. Kemp,* 752 F.2d 1515, 1521 (11th Cir.1985).

As to Section 9 of Ordinance 82–32, little argument has been presented in support of his claim of unconstitutionality, and it is apparent that this claim as well is without merit.

Thus the undersigned finds and recommends that Sections 8 and 9 of the Leon County Ordinance is not unconstitutional and the writ should be denied.

Title 28, United States Code, Section 636 and Local Rule 27(B) of this court permits any party to object to these proposed findings, recommendations or report within ten (10) days after being served with a copy thereof. Any objections shall be in writing and shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.

Any objections shall be filed with the clerk of the court and copies served on the

magistrate and all other parties. Any party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to object to this report and recommendation prior to the district court's acceptance and adoption of the report and recommendation limits the scope of appellate review of factual findings. *U.S. v. Warren*, 687 F.2d 347 (11th Cir.1982); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir., Unit B, 1982); *Nettles v. Wainwright*, 656 F.2d 986 (5th Cir.1981). *See also, Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Accordingly, it is now respectfully

RECOMMENDED:

1. The motion for summary judgment in favor of the petitioner be denied.

2. The petition for writ of habeas corpus filed pursuant to the provisions of Title 28, United States Code, Section 2254, be denied.

3. The motion for preliminary injunction be denied.

4. The clerk of the court be directed to enter judgment accordingly.

At Pensacola, Florida, this 27th day of January, 1987.