TOY BOX, INC, et al., Plaintiffs,

v.

BAY COUNTY, Defendant.

No. 5:96CV373–RH.

United States District Court,
N.D. Florida,
Panama City Division.

Dec. 31, 1997.

Luke Charles Lirot, Lirot & Dolan, Tampa, FL, Gary Scott Edinger, Gary S Edinger PA, Gainesville, FL, for Plaintiffs.

Nevin Jay Zimmerman, Timothy M. Warner, Burke & Blue PA, Panama City, FL, David Andrew Cortman, David Andrew Cortman PA, Virginia Beach, VA, Benjamin Francis Wyman Bull, Benjamin Francis Wyman Bull, Scottsdale, AZ, Jay Allan Sekulow, Jay Alan Sekulow PA, Virginia Beach, VA, for Defendant.

## ORDER FOR ENTRY OF JUDGMENT

HINKLE, District Judge.

Plaintiffs, current and aspiring owners and operators of adult clubs that provide live nude or partially nude dancers as entertainment in conjunction with the sale of alcohol and an adult dancer who performs at one of those clubs,[1] challenge Bay County ordinances 82–04 and 96–27, which proscribe nudity and partial nudity (as specifically defined) in establishments where alcohol is sold or used.[2] Plaintiffs contend that the ban on nude or partially nude entertainment violates their rights under the first amendment of the United States Constitution. Plaintiffs and the sole defendant, Bay County, have filed cross-motions for summary judgment.

---

[1] Plaintiffs are Toy Box, Inc.; Show 'N' Tail, Inc.; Kay Russell d/b/a "Beach Bunnies"; Newby's Parkway Package & Lounge, Inc. d/b/a "The Curve"; and Susan E. Henry, an individual. Former plaintiff Maurine Whorton d/b/a "Sun Dancers" entered a stipulation for voluntary dismissal without prejudice, which has been approved by separate order. She is not a party to the case as addressed in this opinion.

[2] Ordinance 96–25 prohibits nudity (as specifically defined) in establishments where alcohol is sold or used. Ordinance 96–25 also prohibits conduct colloquially known as "lap dancing" and other specified conduct at such establish-

For the reasons that follow, I grant summary judgment in favor of the county. First, I reject plaintiffs' contention that the Supreme Court's recent decision in *44 Liquormart, Inc. v. Rhode Island,* 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996), impliedly overruled the long line of cases upholding ordinances not meaningfully distinguishable from the ordinances at issue. Second, I reject plaintiffs' claim that the ordinances run afoul of the overbreadth doctrine.[3]

## I. THE EFFECT OF LIQUORMART

■ In *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), the Supreme Court upheld an ordinance not meaningfully distinguishable from the ordinances at issue. The Court based its decision in part (but only in part) on the "broad sweep of the Twenty-first Amendment," 409 U.S. at 114, which repealed prohibition but simultaneously outlawed the transportation or importation of intoxicating liquors into any state "in violation of the laws thereof." After extensively addressing the legitimate grounds on which a state could prohibit nudity in bars, the Court in *LaRue* said the twenty-first amendment's approval of state laws regulating liquor provided an "added presumption in favor of . . . state regulation in this area." 409 U.S. at 118.

In the years since *LaRue,* the Supreme Court and the Eleventh Circuit have continued to uphold other similar ordinances, without exception. *See, e.g., Newport v. Iacobucci,* 479 U.S. 92, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986); *New York State Liquor Authority v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981); *Fillingim v. Boone,* 835 F.2d 1389 (11th Cir.1988).

Plaintiffs in the case at bar contend, however, that *LaRue* and its progeny are no longer controlling in light of the Supreme Court's more recent decision in *Liquormart,* in which the Court rejected any assertion that the twenty-first amendment somehow overrides or takes precedence over the first. The Court said the "Twenty-first Amendment does not qualify the constitutional prohibition against laws abridging the freedom of speech embodied in the First Amendment." The Court thus disavowed the reasoning in *LaRue* "insofar as it relied on the Twenty-first Amendment." 116 S.Ct. at 1514–15. This limitation on *LaRue* does not, however, help plaintiffs here.

The Supreme Court in *Liquormart* explicitly stated that it did not question the *holding* in *LaRue.* Instead, the Court said it was persuaded "that the Court's analysis in *LaRue* would have led to precisely the same result even if it had placed no reliance on the Twenty-first Amendment." 116 S.Ct. at 1514. Thus, contrary to plaintiffs' position here, *Liquormart* did not overrule *LaRue* and its progeny.

Moreover, even if *LaRue* and its progeny were not controlling, the ordinances at issue would still pass constitutional muster under the Supreme Court's more general decision in *Barnes v. Glen Theatre, Inc.,* 501 U.S. 560, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991). *Barnes* involved an Indiana statute outlawing public nudity without regard to alcoholic beverages; the twenty-first amendment thus was irrelevant. Nonetheless, the Court upheld the statute against first amendment attack. If, as *Barnes* squarely holds, a statute banning public nudity in places where liquor is or is not used or sold survives first amend-

ments, but plaintiffs do not here challenge that portion of the ordinance. Ordinance 82–04 prohibits nudity (as specifically defined) and inconsistently refers to the establishments to which the prohibition applies as "businesses serving food, drink, *and* alcoholic beverages to the public" (Ordinance 82–04 § 2, emphasis added) or as businesses "where members of the public are served food, drink *or* alcoholic beverages" (Ordinance 82–04 § 4(a), emphasis added). Defendant Bay County has made the concession, which

I deem binding, that Ordinance 82–04 applies only to establishments that sell alcohol, not to those that sell only food or non-alcoholic drinks. I analyze the ordinance accordingly.

**3.** Plaintiffs advance a number of other arguments in support of their contention that the ordinances are unconstitutional. These additional arguments (including plaintiffs' arguments based on the Florida Constitution) are without merit.

ment challenge, then the more limited ordinances at issue in the case at bar, which ban public nudity only in places where liquor *is* used or sold, also are constitutional.[4]

■ To be sure, *Barnes* produced no majority opinion. The narrowest ground for the holding—the view that is now binding on this court—was that the nudity statute survived constitutional attack in accordance with the four-part test of *United States v. O'Brien*, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).[5] In *O'Brien*, the Court upheld the defendant's conviction for burning his selective service card, which the Court characterized as expressive conduct, saying:

> [W]e think it clear that a government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

*United States v. O'Brien*, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

The case at bar, like *O'Brien* and *Barnes*, involves conduct (here, public nudity) with an expressive component. The Bay County ordinances pass muster under *O'Brien's* four-part test, just as did the Indiana statute at issue in *Barnes*.

First, the ordinances at issue, as an exercise of the police power, are within the state's constitutional authority. *See Liquormart*, 116 S.Ct. at 1514. Second, the ordinances further an important governmental interest, that is, "protecting order and morality," *Barnes*, 501 U.S. at 569 (plurality opinion), or "combating the secondary effects of adult entertainment establishments of the sort typified by [plaintiffs'] establishments." *Barnes*, 501 U.S. at 582 (Souter, J., concurring in the judgment).[6] Third, the county's interest is unrelated to the suppression of free expression. The ordinances do not prohibit erotic dancing but merely proscribe nudity or partial nudity, expressive or not; plaintiffs are free to present erotic dancing (so long as the

---

4. The plurality in *Barnes* noted that the Indiana Supreme Court had suggested that, if necessary under the First Amendment, the statute would be given a limiting construction to preclude its application to literary works. *See Barnes*, 501 U.S. at 564 n. 1 (plurality opinion). The *Barnes* plurality did not further discuss this, apparently concluding that, regardless of what might be said of the need for a limiting construction in other contexts, there was no need for any limitation on application of the statute to nude dancing of the type at issue there (and in the case at bar). Justice Souter shared this view. *Barnes*, 501 U.S. at 585 n. 2 (Souter, J., concurring).

5. When the Supreme Court decides a case without a majority opinion, the controlling opinion is the opinion setting forth the narrowest basis for the Supreme Court's holding. *See, e.g., City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 764 n. 9, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988); *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). The application of this principle to *Barnes* well illustrates its wisdom. In *Barnes*, Chief Justice Rehnquist's plurality opinion (for three justices) and Justice Souter's concurrence applied the four-part *O'Brien* test to uphold the Indiana statute. Justice Scalia, the fifth member of the majority, thought the First Amendment inapplicable to any general law not specifically targeted at expressive conduct; in Justice Scalia's view, any such law was constitutional whether or not it passed the *O'Brien* test. Thus, under the view of these

five members of the Court, any law regulating expressive conduct that passes the four-part *O'Brien* test is constitutional. This is the view that is binding on this court.

6. In adopting Ordinance 82–04, the county made no specific findings regarding secondary effects and did not explicitly rely on such effects as a basis for the ordinance. In later adopting Ordinance 96–27, the county did make specific findings and explicitly relied on secondary effects as a basis for its action, citing, among other things, prior United States Supreme Court decisions allowing that approach. Plaintiffs dispute the county's findings, the procedure by which they were made, and the ability of the county to rely on unsubstantiated studies or findings of other municipalities as a basis for its action. For the reasons set forth by Justice Souter in *Barnes*, 501 U.S. at 582–85 (Souter, J., concurring in the judgment), Bay County is entitled to defend its ordinances based on the secondary effects of establishments such as plaintiffs', as documented in studies in other locations and upheld in other court cases; the county was not required to invoke this rationale explicitly at the time of enactment of its ordinances (although it did so with respect to Ordinance 96–27), nor was the county required to conduct its own empirical studies or to submit *de novo* proof of the secondary effects in this proceeding.

dancers wear minimal clothing), while nudity is prohibited whether or not accompanied by dancing or any form of expression or communication. *See Barnes,* 501 U.S. at 570–71 (plurality opinion); 501 U.S. at 585–86 (Souter, J., concurring in the judgment). Fourth, the ordinances at issue are narrowly tailored to meet the county's interest inasmuch as the ordinances require only that dancers wear opaque coverings over certain body parts. *See Barnes,* 501 U.S. at 571–72 (plurality opinion); 501 U.S. at 587 (Souter, J., concurring in the judgment).

In sum, under the square holdings of *La-Rue* and *Barnes* and in accordance with the four-part *O'Brien* test as made applicable to these circumstances (and as interpreted and applied) by *Barnes,* Bay County may ban nude and partially nude dancing at establishments where alcoholic beverages are used or sold.

## II. *OVERBREADTH*

 The plaintiffs also assert that, even if the county can constitutionally ban nude or partially nude dancing as performed by them, the ordinances at issue are unconstitutionally overbroad because, plaintiffs assert, they would preclude performance of such serious literary works as "Hair" or "Equus." This contention too appears inconsistent at least with the implicit holding of *Barnes.* *See* footnote 4, supra. It is true, however, that *Barnes* did not squarely address this issue.

The plaintiffs rely primarily on *Triplett Grille, Inc. v. Akron,* 40 F.3d 129 (6th Cir. 1994), which invalidated a nudity ordinance based on overbreadth. *Triplett,* however, was different. The ordinance at issue there would have precluded any performance of such works as "Hair" or "Equus." The ordinances at issue in the case at bar, in contrast, do not flatly prohibit the performance of such works but merely prohibit the performance of such works at locations where alcohol is sold or used. This burdens first amendment activity only slightly.

The Eleventh Circuit has held that overbreadth analysis should not be used to invalidate an ordinance in circumstances such as these:

In cases like this one, where the statute at issue regulates conduct and not merely speech, the statute will not be struck down unless its overbreadth is 'not only real, but also substantial in relation to the statute's plainly legitimate sweep.' ... If a conduct-regulating statute reflects legitimate governmental interests and is not substantially overbroad, whatever overbreadth does exist should be cured on a case-by-case basis.

*United States v. Waymer,* 55 F.3d 564, 569 (11th Cir.1995), *quoting Broadrick v. Oklahoma,* 413 U.S. 601, 613, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *see also Gay Lesbian Bisexual Alliance v. Pryor,* 110 F.3d 1543, 1550 (11th Cir.1997) (setting forth general rule that facial invalidation for overbreadth is "drastic remedy" that should be applied only if challenged statute is not susceptible to narrowing interpretation). It is the law of the Eleventh Circuit, not that of the Sixth, that applies in this case.

The ordinances at issue in the case at bar regulate primarily conduct, with only an incidental effect on speech, and are not substantially overbroad within the meaning of *Waymer.* Accordingly, if any overbreadth does exist, it must be cured on a case-by-case basis. *See also Cafe 207, Inc. v. St. Johns County,* 856 F.Supp. 641, 649 (M.D.Fla.1994).

## *CONCLUSION*

The Bay County ordinances at issue are not unconstitutional. Accordingly,

IT IS ORDERED:

Defendant's motion for summary judgment (document 41) is GRANTED. Plaintiffs' motion for summary judgment (document 20) is DENIED. The clerk shall enter judgment dismissing the claims of plaintiff Maurine Whorton d/b/a Sun Dancers without prejudice (pursuant to the joint stipulation for dismissal without prejudice) and dismissing all claims of all other plaintiffs with prejudice. The clerk shall close the file.