[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16254
Non-Argument Calendar

_____

D. C. Docket No. 04-00105-CV-3-RV-MD

RONALD C. TILLMAN,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 15, 2005)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's affirmance of the Social Security Commissioner's ("Commissioner") denial of disability benefits under the Social Security Act.

## I. BACKGROUND

In 1993, claimant Ronald C. Tillman, age 44, applied for disability benefits, alleging that he became disabled in 1992 as a result of a neck injury caused by lifting a heavy load of laundry while incarcerated in a county jail. The prison medical staff obtained an X-ray, magnetic resonance image (MRI), and CT of the cervical spine, which showed a midline or central disc herniation at C6-7 and moderate foraminal narrowing. As a result of the injury, Tillman experienced sharp pain radiating from his neck and down his right arm, tingling in his fingers, and loss of grip strength in his right hand. After being released from jail, Tillman did not return to work because he claimed that he suffered continuous pain at the level of twelve on a scale from one to ten. Though he did receive sporadic treatment from Dr. J. Antonio Aldrete for pain management[1] and Dr. M.L. Woodruff for chiropractic treatment and most recently received treatment from Dr. William Wilson, a family practitioner, he claims that his treatment has been hindered by his lack of health insurance.[2]

---

[1]Tillman received epidural blocks and trigger point injections from Dr. Aldrete, which reduced his pain for up to a few weeks.

[2]Dr. Richard Lucey, a family practitioner, and Dr. Charles Roth also examined Tillman, but did not provide treatment.

This case has been reviewed three times by the Appeals Council (AC) and twice by the district court and has been pending for over twelve years.[3] In the most recent hearing held by the Adminstrative Law Judge in 2002, Tillman again testified that he had been disabled since 1992 and that he had not obtained any surgical intervention since the last hearing. He admitted that Dr. Wilson was the only physician treating him at the time, and that the pain remained at a twelve on a scale of one to ten, but he explained that he took ibuprofen for the pain. He also stopped receiving injections from Dr. Aldrete. The ALJ questioned a vocational expert (VE) by posing a hypothetical in relation to Tillman's testimony. The VE admitted that it was "hard to say" how many jobs would be available given the ALJ's hypothetical. Additionally, the ALJ considered the deposition testimony of Dr. Aldrete, who opined that Tillman was disabled and, thus, unable to work. Despite that testimony, the ALJ again found that Tillman was not disabled and gave little weight to Dr. Aldrete's opinion. Tillman requested review from the appeals council, which denied review, making it a final decision.

---

[3]In 1993, Tillman's application for disability and SSI benefits was denied initially and upon reconsideration. Tillman requested a hearing before an Administrative Law Judge (ALJ). Following his first hearing in 1995, the ALJ denied relief and Tillman requested review by the AC, which remanded the case to the ALJ for further consideration. At the second hearing in 1997, Tillman stated that he remained in constant pain, had tried pain management therapy and all other courses of treatment and now the only type of treatment left was surgery, but that he did not have the money or insurance. Based on Tillman's testimony and that of a vocational expert, the ALJ denied benefits. Tillman again requested review by the AC, which denied review in 2000. Tillman filed a complaint in federal court, and in 2001, the district court remanded the case to the AC.

Tillman then filed his complaint in the district court. A magistrate judge recommended affirming the Commissioner's denial of benefits because the decision was supported by the record. The magistrate judge's report instructed that the failure to file objections could limit review of factual findings. Tillman did not file any objections. The district court adopted the recommendation and affirmed the Commissioner's decision. Tillman's case now comes to us on appeal.

## II. DISCUSSION

A. Standard of Review

In reviewing claims brought under the Social Security Act, we must affirm the Commissioner's decision if we determine that: (1) the decision reached is supported by substantial evidence in the record; and (2) the correct legal standards were applied. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

B. Scope of Review

The Commissioner argues that Tillman waived his right to appeal the magistrate judge's factual findings because Tillman failed to file objections to the magistrate judge's report and recommendation. In *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988) we held that "[t]he magistrate's finding on [a] factual issue, adopted by the district court without objection by either party, is not subject to attack on appeal 'except on grounds of plain error or manifest

4

injustice.'" In this case, the magistrate judge's report concluded with the following notice to the parties:

> Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

The magistrate judge's report gave clear warning that objections would be waived if not made within ten days after receipt of the report. Thus, because of the clear warning, and because Tillman did not make any timely objections to the report, we cannot now review the factual findings made below. *See Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (finding that a "[f]ailure to object to the magistrate's factual findings after notice precludes a later attack on these findings."); *Fillingim v. Boone*, 835 F.2d 1389, 1402 (11th Cir. 1988) (finding waiver of factual findings). Therefore, we will only review the magistrate judge's legal conclusions.

C. The Weight Given to Dr. Aldrete's Opinion

In order to obtain disability benefits, the claimant "bears a heavy burden in establishing the existence of a disability." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). The Social Security regulations, under 20 C.F.R. § 404.1520, set forth a five-step evaluation process to determine whether a person is disabled and, thus, in need of benefits.[4] The ALJ found that Tillman was not engaged in

---

[4]At the first step, claimant will be denied benefits if it is determined that he is engaged in "substantial gainful activity." *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140,

substantial gainful activity, had a severe impairment and could not return to his previous work as a truck driver or heavy equipment operator. The burden thus, shifted to the Commissioner to show that there is other work available in the economy that Tillman could perform. 20 C.F.R. § 404.1520(a)(4)(v). The ALJ found that Tillman could perform a full range of light work. In so finding, the ALJ concluded that Dr. Aldrete's disability opinion was not entitled to great weight.

Tillman argues on appeal that the ALJ gave improper weight to the opinion of Dr. Aldrete. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

The ALJ gave limited weight to Dr. Aldrete's opinion that Tillman was not

---

107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987). If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a "medically severe" impairment or combination of impairments. *Id.* at 140-41, 107 S.Ct. at 2291. If the impairment is determined severe, the inquiry proceeds to the third step, whether the claimant will be found automatically disabled and awarded benefits if his impairment or combination of impairments meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant could not prove that his impairments met or equaled a listed impairment at the third step, the burden remains on him to prove, in step four, that he is unable to perform his past relevant work. *Id.* at 404.1520(a)(4)(iv). If the claimant is able to show that he cannot return to his previous employment, the fifth step entails an inquiry into whether he can perform other types of work. *Id.* at 404.1520(a)(4)(v).

able to carry out any meaningful work activities because it found that Dr. Aldrete's opinion was in conflict with other parts of his testimony and in conflict with Tillman's own testimony. We conclude that the ALJ properly took into account Tillman's own testimony, which revealed that Tillman did not take medications every day, and when he did, he only took medications prescribed for moderate to severe pain.[5] In determining that there was good cause to reject Dr. Aldrete's opinion, the ALJ also properly considered Tillman's testimony that he sought little to no treatment for many years and that he was able to engage in daily activities such as dressing and bathing himself. *Phillip*, 357 F.3d at 1240-41. Thus, we conclude that substantial evidence supports the ALJ's decision to afford limited weight to Dr. Aldrete's testimony.

D. The ALJ's Hypothetical Proposed to the VE

Tillman argues that the Commissioner failed to carry her burden of proof in establishing Tillman's ability to perform other work because the hypothetical posed to the VE did not consider all of his limitations. Tillman further contends that when the additional limitations were posed to the VE, the VE testified that it would be "hard to say" how many jobs would be available given Tillman's sit/stand requirements and his grip limitations. Tillman did not raise this issue in the district court, however, and therefore, he has abandoned it. *See Crawford v.*

---

[5]This type of medication is inconsistent with a pain level of twelve.

7

*Barnhart*, 363 F.3d 1155, 1161 (11th Cir. 2004) (declining to address appropriateness of hypothetical when claimant did not raise the issue before the district court).

### III. CONCLUSION

Given the limited weight assigned to Dr. Aldrete's opinion, and the inconsistencies in Tillman's testimony, substantial evidence supports the decision to deny benefits.  Furthermore, Tillman has waived his arguments on appeal concerning the factual findings made by the magistrate judge.  Thus, we **AFFIRM** the district court's affirmance of the Commissioner's denial of disability benefits.