Chris GEANEAS, Pink Pussycat, Inc.,
d/b/a Red Garter Club, Del Percio,
Inc., d/b/a Shingle Shack, Function
Junction, Inc., Dawn Boido, Denise Del
Pinto, Leslie Grier, Plaintiffs–Appel-
lants,

Kinzey Enterprises, Inc., d/b/a Oyster
Pub, Linnie Shiftlett, Lois
Young, Plaintiffs,

v.

Charles W. WILLETS, The City of Day-
tona Beach, Defendants–Appellees,

John M. Power, Lawrence
Kelly, Defendants.

No. 89–3308.

United States Court of Appeals,
Eleventh Circuit.

Sept. 10, 1990.

Eric A. Latinsky, Daytona Beach, Fla., for plaintiffs-appellants.

Reginald E. Moore, Frank B. Gummey, III, Robert G. Brown, Marie Hartman, Daytona Beach, Fla., for defendants-appellees.

Before TJOFLAT, Chief Judge, TUTTLE, and RONEY *, Senior Circuit Judges.

TJOFLAT, Chief Judge:

The plaintiffs in this case own or manage bars providing nude dancing, or work in those establishments as nude dancers or bartenders. They brought suit in federal district court under 42 U.S.C. § 1983 (1988) claiming that a Daytona Beach ordinance, which prohibits exposure of certain body parts in establishments dealing in alcohol, violated their rights under the first and fourteenth amendments. The district court granted partial summary judgment for the defendants and, following a bench trial on the remaining issues, dismissed the plaintiffs' case. The plaintiffs appeal, and we affirm. We also hold that the plaintiffs' appeal is frivolous under Rule 38, Fed.R. App.P. 38.

## I.

In 1981, the City of Daytona Beach enacted an ordinance prohibiting exposure of certain body parts in establishments dealing in alcoholic beverages.[1] Daytona

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. The ordinance provides as follows:

Sec. 5–25. Nudity, Sexual Conduct Prohibited.

(a) No person shall expose to public view his or her genitals, pubic area, vulva, anus, anal cleft or cleavage or buttocks or any simulation thereof in an establishment dealing in alcoholic beverages.

(b) No female person shall expose to public view any portion of her breasts below the top of the areola or any simulation thereof in an establishment dealing in alcoholic beverages.

(c) No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any person to expose to public view his or her genitals, pubic area, vulva, anus, anal cleft or cleavage or buttocks or any simulation thereof within the establishment dealing in alcoholic beverages.

(d) No person maintaining, owning, or operating an establishment dealing in alcoholic

beverages shall suffer or permit any female person to expose to public view any portion of her breasts below the top of the areola or any simulation thereof within the establishment dealing in alcoholic beverages.

(e) No person shall engage in and no person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any sexual intercourse, masturbation, sodomy, beastiality [sic], oral copulation, flagellation, any sexual act which is prohibited by law, touching, caressing or fondling of the breasts, buttocks, anus or genitals or the simulation thereof within an establishment dealing in alcoholic beverages.

(f) No person shall cause and no person maintaining, owning or operating an establishment dealing in alcoholic beverages shall suffer or permit the exposition of any graphic representation, including pictures or the projection of film, which depicts human genitals, pubic area, vulva, anus, anal cleft or cleavage, buttocks, female breasts below the top of the areola, sexual intercourse, mastur-

Beach police then began enforcing the ordinance. They arrested dancers, including two plaintiffs in this case, at several "topless bars" for dancing partially nude in violation of the ordinance. They arrested bartenders and managers, including plaintiffs in this case, who were working at establishments when nude-dancing arrests were made. They cited owners, including plaintiffs in this case, for permitting nude dancing in their establishments, and they ordered the owner of one establishment, a plaintiff here as well, to remove graphic photographs from his walls and to stop selling calendars featuring pictures of his exotic dancers.

In the prosecutions that followed, the state courts issued various interpretations of the ordinance. In the case of one of the dancers involved in the present action, the county court dismissed the charges against her,[2] holding that the ordinance's prohibition of exposed female breasts was overbroad and that the ordinance proscribed exposure of only the *entire* buttocks, and nothing less. In 1984, the state district court of appeal held the ordinance unconstitutional on grounds of vagueness and overbreadth. *See Del Percio v. City of Daytona Beach*, 449 So.2d 323 (Fla.Dist.Ct.App. 1984). A year later, the Florida Supreme Court reversed that court and upheld the ordinance as constitutional. *See City of Daytona Beach v. Del Percio*, 476 So.2d 197 (Fla.1985). The supreme court's decision in *Del Percio*, however, specifically addressed only the ordinance's prohibition on exposed breasts, which it defined as exposure of the breast below an imaginary line drawn across the top of the areolae. *See id.* at 200. The decision did not define the ordinance's prohibition on exposed buttocks.

In May 1983, the plaintiffs filed this section 1983 suit in federal district court. They claimed that the ordinance violated their right of free expression under the first amendment, incorporated under the fourteenth amendment, and their rights to due process and equal protection of the law under the fourteenth amendment. Specifically, the plaintiffs claimed that the ordinance was overbroad and void for vagueness under the first amendment and that the City had selectively enforced the ordinance against "topless bars" in violation of the fourteenth amendment. The plaintiffs requested a declaratory judgment, injunctive relief, and damages.

On the defendant's motion for partial summary judgment, the district court held that the ordinance was constitutionally valid on its face. In the court's view, the ordinance was a valid exercise of the state's broad authority to regulate alcohol sales under the twenty-first amendment, and, in light of the Florida Supreme Court's decision in *Del Percio*, the ordinance was not unconstitutionally broad. The district court, however, like the Florida Supreme Court in *Del Percio*, addressed only the ordinance's proscription on exposed breasts. The district court also denied summary judgment on the defendant's affirmative defense that the *Del Percio* decision rendered the present case res judi-

bation, sodomy, bestiality, oral copulation, flagellation, any sexual act prohibited by law, touching, caressing or fondling of the breasts, buttocks, anus, or genitals, or any simulation thereof within any establishment dealing in alcoholic beverages.

Section 5–1 of the Code further provides:

*Establishment dealing in alcoholic beverages.* Any business or commercial establishment (whether open to the public at large or where entrance is limited by cover charge or membership requirement) including those licensed by the state for sale and/or service of alcoholic beverages, and any bottle club; hotel; motel; restaurant; night club; country club; cabaret; meeting facility utilized by any religious, social, fraternal or similar organization; business or commercial establishment where a product or article is sold, dispensed, served or provided with the knowledge, actual or implied, that the same will be, or is intended to be mixed, combined with or drunk in connection or combination with an alcoholic beverage on the premises of said business or commercial establishment; or business or commercial establishment where the consumption of alcoholic beverages is permitted. A private residence, whether permanent or temporary in nature, is not an establishment dealing in alcoholic beverages.

2. The charges against the other plaintiffs here are no longer pending either.

cata.[3]

The case then went to trial before the court on the remaining claims. The court held that, although the plaintiffs had proved they were singled out for prosecution, they had not shown that this prosecution was invidious or conducted in bad faith. The court thus denied their claim. In addition, the court upheld the constitutionality of the ordinance's prohibition on exposed buttocks, rejecting the plaintiff's contention that the provision was impermissibly vague. The district court, therefore, dismissed the plaintiffs' case. 715 F.Supp. 334.

On appeal, the plaintiffs attack the district court's decision on four grounds: they claim that (1) the district court erred in analyzing the ordinance under the twenty-first amendment rather than under the first amendment; (2) the court erred in denying the plaintiffs' claim that the ordinance's provisions were overbroad; (3) the court erred in denying the plaintiffs' void-for-vagueness claim; and (4) the court erred in denying the plaintiffs' selective enforcement claim. We hold that the plaintiffs' claims entirely lack merit. In addition, because the plaintiffs' contentions are no more than conclusory assertions, unsupported by argument or reason, we hold that this appeal is frivolous under Rule 38, and instruct the district court to award the appellee double costs and attorneys' fees for this appeal.

## II.

### A.

◼ The plaintiffs claim that the district court erred in analyzing the ordinance under the twenty-first amendment rather than under the first amendment.[4] Under the Florida Supreme Court's decision in *Del Percio* and existing United States Supreme

Court and Eleventh Circuit precedent, this argument is clearly foreclosed.

In *Del Percio*, the court held that, as a matter of state law, "Florida municipalities ... have the authority to exercise the regulatory power of the twenty-first amendment recognized in *New York State Liquor Auth. v. Bellanca*, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981)." 476 So.2d at 201. In *Bellanca*, the Supreme Court held that, although nude dancing implicates the first amendment, the states' broad powers under the twenty-first amendment to regulate alcohol outweigh any first amendment interest in nude dancing. 452 U.S. at 717, 101 S.Ct. at 2601 (quoting *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932–33, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975)); *see City of Newport, Ky. v. Iacobucci*, 479 U.S. 92, 95–96, 107 S.Ct. 383, 385, 93 L.Ed.2d 334 (1986); *Jorgenson v. County of Volusia*, 846 F.2d 1350, 1351 (11th Cir.1988); *Lanier v. City of Newton, Ala.*, 842 F.2d 253, 255 (11th Cir.1988); *Fillingim v. Boone*, 835 F.2d 1389, 1394 (11th Cir.1988); *Del Percio*, 476 So.2d at 201. Following this established precedent, the district court in the present case properly analyzed the ordinance under the twenty-first amendment and properly upheld it as a valid exercise of the City's broad twenty-first amendment powers.

The plaintiffs, moreover, fail directly to join issue with this precedent. Rather, they attempt to skirt this authority by observing that the City Code broadly defines the term "establishment dealing in alcoholic beverages," *see supra* note 1. The plaintiffs contend that, whereas the ordinances in *Bellanca* and its progeny regulated only establishments *licensed* to sell liquor, the ordinance in the present case is not limited to establishments licensed to sell alcohol but also applies to unlicensed establishments that permit alcohol consumption. Consequently, they argue, the ordinance is

---

**3.** The City does not raise this issue on appeal, and we therefore do not address it.

**4.** The twenty-first amendment provides, in pertinent part: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws

thereof, is hereby prohibited." U.S. Const. amend. 21.

The first amendment provides, in pertinent part: "Congress shall make no law ... abridging the freedom of speech...." U.S. Const. amend. 1.

an exercise of the City's general police powers, which must be analyzed under the first amendment rather than under the twenty-first amendment.

The plaintiffs, however, provide no legal support for this argument, and they fail to address the string of Eleventh Circuit cases that have expressly analyzed virtually identical ordinances under the twenty-first amendment. The plaintiffs rely on this court's decision in *Leverett v. City of Pinellas Park*, 775 F.2d 1536 (11th Cir. 1985), a case that invalidated under the first amendment an ordinance prohibiting nude dancing in *"any* 'commercial establishment,'" *id.* at 1540 n. 2. Although the ordinance in the present case is not limited to licensed establishments like the ordinance in *Bellanca*, neither does it apply to *any* commercial establishment like the ordinance in *Leverett*. Rather, the ordinance here falls in between these other two categories of regulation: it applies to establishments dealing in alcoholic beverages, and although such establishments are not necessarily licensed to sell alcohol, they must *deal* in alcoholic beverages. The regulation here thus has a definite nexus to alcohol.

Not only is *Leverett* factually inapplicable to the present case—a problem that the plaintiffs never address—but, in addition, a string of cases in this circuit has clearly foreclosed the plaintiffs' argument. The court in these cases has analyzed this intermediate category of regulation under the twenty-first amendment, distinguished *Leverett*, and held that the regulation of protected expression by such an ordinance is incidental to the regulation of alcohol. *See, e.g., Lanier*, 842 F.2d at 256–57 (ordinance

applies to "any business establishment ... which sells, dispenses or otherwise allows the consumption of alcoholic beverages on the premises"); [5] *Fillingim*, 835 F.2d at 1397 (ordinance prohibited "nude or seminude entertainment in any commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises"); *see also Jorgenson v. County of Volusia*, 625 F.Supp. 1543, 1547 (M.D.Fla.1986) (upholding ordinance identical to Daytona Beach ordinance).[6] These cases obviously foreclose the plaintiffs' argument here, and the plaintiffs have made no attempt to distinguish them. Indeed, the plaintiffs' briefs even fail to cite *Fillingim* and *Jorgenson*.[7]

The plaintiffs also fail to address the Supreme Court's statement in *Ziffrin, Inc. v. Reeves* that "[w]ithout doubt a State may absolutely prohibit the manufacture of intoxicants, their transportation, sale, or *possession*, irrespective of when or where produced or obtained," 308 U.S. 132, 138, 60 S.Ct. 163, 167, 84 L.Ed. 128 (1939) (emphasis added). *Ziffrin* thus indicates that the City's twenty-first amendment power extends beyond licensed establishments and includes the power to regulate the "possession" of alcohol even outside of licensed establishments. In short, under established precedent, the plaintiffs' contention is entirely meritless.

■ The plaintiffs also attempt to argue that the ordinance implicates the first amendment under the overbreadth doctrine. The gist of the plaintiffs' "argument" appears in a two-sentence paragraph in their brief:

---

**5.** In *Lanier*, the court upheld the ordinance as applied. The court expressly stated that it was not adopting the district court's holding that the ordinance "clearly was passed as an incident to the regulation of alcohol, and did not go beyond the bounds of the Twenty-first amendment." 842 F.2d at 257.

**6.** On appeal in *Jorgenson*, this court in an unpublished opinion reversed the district court for failure to provide the attorneys notice of sanctions. *See* 824 F.2d 973 (11th Cir.1987). On remand, the district court reaffirmed the impo-

sition of sanctions, and this court affirmed, *see* 846 F.2d at 1350.

**7.** References to *Fillingim* appear only in a block quotation and in connection with the plaintiffs' selective enforcement claim.

We also observe that the district court in *Jorgenson* imposed Rule 11 sanctions on Eric Latinsky, the same attorney who represents the plaintiffs in this case, for failing to cite key cases (i.e., *Bellanca* and *Del Percio*) in his memorandum of law attacking the Volusia County ordinance.

In general rigorous constitutional standards apply when the government attempts to regulate expression and precision of drafting and clarity of purpose are essential.... The definition of establishment dealing in alcoholic beverages is not precisely drafted but includes many establishments without liquor licenses or which do not allow consumption on premises.

Charitably construed, this argument contends that the City's broad definition of "establishment dealing in alcohol" creates the possibility that the ordinance's application might, at the margins, extend beyond the limits of the City's twenty-first amendment powers. That is, the City might use the ordinance to prohibit nude dancing in a context where alcohol is not in fact consumed.[8] Such a use of the ordinance would presumably extend beyond the City's twenty-first amendment powers[9] and would implicate the first amendment as an exercise of the City's general police powers. The plaintiffs appear to be arguing that, because of this attenuated danger at the extreme margins of the ordinance's possible applications, *any* application of the ordinance—even an application to conduct at the ordinance's core—must be analyzed under the strict standards of the first amendment.

This argument, once fleshed out, is clearly frivolous. Not only do the plaintiffs fail to provide any legal support for such a contention, but the courts have carefully drawn the contours of the overbreadth doctrine to exclude exactly such claims. As the Supreme Court explained in *Broadrick v. Oklahoma:*

> Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court. A closely related principle is that constitutional rights are personal and may not be asserted vicariously. These principles rest on more than the fussiness of judges. They reflect the conviction that under our constitutional system courts are not roving commissions assigned to pass judgment on the validity of the Nation's laws. Constitutional judgments, as Mr. Chief Justice Marshall recognized, are justified only out of the necessity of adjudicating rights in particular cases between litigants brought before the Court....

413 U.S. 601, 610–11, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973) (citations omitted). Only a few limited exceptions to this rule exist, none of which the present case involves. For example, a statute may be susceptible to a facial overbreadth challenge if it threatens to chill protected speech in general. Even then, as the *Broadrick* Court stated, "[a]pplication of the overbreadth doctrine in this manner is, manifestly, strong medicine. It has been employed by the Court sparingly and only as a last resort." *Id.* at 613, 93 S.Ct. at 2916. As the Court discussed, the doctrine's applicability becomes more and more limited as the allegedly chilled expression "moves from 'pure speech' toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct." *Id.* at 615, 93 S.Ct. at 2917.

The overbreadth doctrine clearly does not apply here. As we discuss above, there can be no doubt that the Daytona Beach ordinance constitutes a valid exercise of the City's twenty-first amendment power to ban nude dancing in bars. Such a proscription lies at the core of the City's powers under the twenty-first amendment. The

---

8. Whether or not the ordinance would properly apply in such a situation, however, raises a question of state law, which the state courts have not yet had occasion to address.

9. Of course, the plaintiffs would somehow have to explain away, which they have not done, the Court's pronouncement in *Ziffrin* that the states' twenty-first amendment power *includes* the power to regulate the mere possession of alcohol.

plaintiffs' conduct in the present case, moreover, rests extremely close to this core. Whether or not the ordinance reaches to conduct at a distance from these core concerns, the plaintiffs clearly have no standing under *Broadrick* to challenge, on this basis, the ordinance's application to them. The plaintiffs' overbreadth argument lacks foundation.

■ As one last stab in support of their contention that the district court should have analyzed this case under the first amendment, the plaintiffs refer to a footnote in Justice Stevens' *Iacobucci* dissent, in which he suggested that "[s]ince the Twenty-first Amendment deals only with a State's power to regulate 'transportation or importation into' the State, it would have no effect on a Kentucky bar selling Kentucky Bourbon." 479 U.S. at 102 n. 7, 107 S.Ct. at 389 n. 7. Relying on this footnote, the plaintiffs claim that the twenty-first amendment does not apply in this case because the plaintiffs agreed to sell only instate liquor in their establishments. The district court rejected this argument, observing that the plaintiffs cited no legal support for their contention other than the footnote in Justice Stevens' dissent.

Nor do the plaintiffs now provide any additional legal support for their position or offer any argument explaining the error of the district court's decision. They fail, moreover, to distinguish, let alone cite, legal authority that explicitly rejects their position. Based on a definitive review of the twenty-first amendment, Judge Melton of the Middle District of Florida concluded: "Certainly, the 'twenty-first amendment power over alcohol consumption is broad enough to embrace state power to zone strong sexual stimuli away from places where liquor is served,' ... without being forced to distinguish between domestic and imported alcohol." *W.D.C., Inc. v. City of Jacksonville*, 710 F.Supp. 782, 789 (M.D. Fla.1989) (quoting L. Tribe, American Constitutional Law § 6–25, at 478 n. 15 (2d ed. 1988)). As Judge Melton also observed, the ordinances at issue in *Iacobucci, Lanier,* and *Fillingim* made no distinction between in-state and out-of-state liquor. The

plaintiffs' contention on this point is meritless as well.

### B.

■ The plaintiffs next raise another variation of an overbreadth attack: they claim that the ordinance prohibits forms of attire that are socially acceptable and that are regularly worn on the beaches. They assert, for example, that a bar owner would violate the ordinance simply by showing a television newscast of people at the beach. In addition, they argue that patrons wearing such generally accepted attire subject themselves to arrest for violating the ordinance once they enter an establishment dealing in alcohol. The district court rejected this claim, and we affirm.

With respect to the first argument, demonstrated by the newscast hypothetical, the plaintiffs have asserted no basis for challenging the City's broad powers to regulate alcohol under the twenty-first amendment. As we discuss, "the Amendment confers broad regulatory powers on the States," *Iacobucci*, 479 U.S. at 95, 107 S.Ct. at 385, and those broad powers outweigh the free speech interest in nude and semi-nude dancing, thus enabling the states to ban that conduct. The plaintiffs, however, fail to demonstrate any first amendment interest on the bar owners' part in allowing their patrons to wear revealing attire. If the City can exercise its twenty-first amendment power to ban conduct that implicates the first amendment, then it can certainly exercise that power to ban conduct that does not implicate the first amendment.

With respect to the plaintiffs' assertion that the ordinance violates their patrons' own right to wear revealing clothing, the plaintiffs lack standing to attack the ordinance on that basis. As we discuss above, the Supreme Court in *Broadrick* held that "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in situations not before the Court." 413 U.S. at 610, 93 S.Ct. at 2915.

A party may bring such a challenge only when the broad language of a regulation chills expression protected by the first amendment. The doctrine's application becomes more unlikely as the allegedly chilled expression "moves from 'pure speech' toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws." *Id.* at 615, 93 S.Ct. at 2917. Here, the chilled expression—the conduct of wearing revealing clothing—rests at a pronounced distance from the "pure speech" at the first amendment's core; in fact, this conduct does not implicate the first amendment at all, and no one contends otherwise.[10] In addition, this conduct falls within the scope of the City's otherwise valid ordinance proscribing exposure of certain body parts in establishments dealing in alcohol.[11] These circumstances, obviously, justify no exception to the traditional rules of standing articulated in *Broadrick.* We thus hold that the district court properly rejected this overbreadth claim.

## C.

■ The plaintiffs also attack the district court's decision to deny their void-for-vagueness claim. The plaintiffs contend that the ordinance is unconstitutionally vague in defining the prohibition on exposed breasts and the prohibition on exposed buttocks. By way of argument, the plaintiffs assert that various Florida state courts have interpreted these provisions differently and that this proliferation of interpretations demonstrates the ordinance's vagueness.

In pointing to the various judicial interpretations of this ordinance, however, the plaintiffs fail to mention that the Florida Supreme Court in *Del Percio* and the district court in this case defined these two provisions. With respect to the ordinance's

prohibition on exposure of breasts, the Florida Supreme Court in *Del Percio* held that the provision meant that "no portion of the breast directly or laterally below the top of the areola may be exposed to public view." 476 So.2d at 200. In granting partial summary judgment, the district court held that the *Del Percio* court's construction was clear and thus rejected the plaintiffs' void-for-vagueness claim regarding this provision.

■ With respect to the ordinance's proscription on exposure of buttocks, the district court in its final decision acknowledged that the provision was somewhat vague. The court observed that the ordinance did not specify "whether the entire buttocks, or what portion thereof, must be covered" and that the ordinance did not "define the word 'buttocks.' " 715 F.Supp. at 337. The court, however, concluded that the provision was not "*unconstitutionally* vague," that is, it was "not 'impermissibly vague in all of its applications.' " *Id.* (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982)). Although the Florida Supreme Court had not addressed the provision at issue, the district court was able to "extrapolate [the ordinance's] allowable meaning." *See Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1972) (quoting *Garner v. Louisiana,* 368 U.S. 157, 174, 82 S.Ct. 248, 257, 7 L.Ed.2d 207 (1961) (Frankfurter, J., concurring)). The court decided that the Florida Supreme Court would interpret the ordinance to "prohibit exposure of *any portion* of the buttocks." 715 F.Supp. at 339. The court then determined that the Florida Supreme Court would define "buttocks" to include:

the area at the rear of the body which lies between two imaginary lines running

---

**10.** The plaintiffs claim only that the conduct implicates a liberty interest under the fourteenth amendment.

**11.** As the district court reasoned, even if this conduct implicates a liberty interest under the fourteenth amendment, that liberty interest would be entitled to no greater deference than

the free speech interest in nude dancing under the first amendment. Because the City's power under the twenty-first amendment outweighs that free speech interest, it would also outweigh this liberty interest. The ordinance would remain a valid exercise of the City's twenty-first amendment powers.

parallel to the ground when a person is standing, the first or top such line drawn at the top of the cleavage of the nates [i.e., the prominence formed by the muscles running from the back of the hip to the back of the leg] and the second or bottom line drawn at the lowest visible point of this cleavage or the lowest point of the curvature of the fleshy protuberance, whichever is lower, and between two imaginary lines on each side of the body, which lines are perpendicular to the ground and to the horizontal lines described above, and which perpendicular lines are drawn through the point at which each nate meets the outer side of each leg. The Ordinance would be violated, therefore, if any portion of this area is visible from any vantage point.

*Id.* at 339.

On appeal, however, the plaintiffs fail entirely to mention, let alone critique, these discussions of the ordinance. The plaintiffs fail to explain how the ordinance remains vague, let alone *unconstitutionally* vague, in light of the Florida Supreme Court and the district court's statements. Those statements, in our view, are persuasive. The plaintiffs are merely groping in the dark. Accordingly, we reject the void-for-vagueness attack and affirm the district court's decision on that issue.

### D.

█ Finally, the plaintiffs claim that the district court erred in denying their selective enforcement claim. The plaintiffs contend that the City of Daytona Beach has enforced the statute only against "topless bars" and not against other, similarly situated establishments dealing in alcohol but not providing nude dancing. According to the plaintiffs, this selective enforcement violates their right to equal protection under the fourteenth amendment. The district court analyzed this claim under the two-part selective enforcement standard set out in *Fillingim* and *Lanier.* The court held that, although the plaintiffs had demonstrated under the standard's first element that they were singled out for prose-

cution among others who were similarly situated, the plaintiffs had not satisfied the standard's second requirement that this selection was invidious or in bad faith. 715 F.Supp. at 340. Again, the plaintiffs on appeal fail even to state, let alone to demonstrate, how the district court's conclusion is erroneous. That failure alone renders their appeal frivolous, but we find a more fundamental problem with this claim as well.

A selective enforcement claim generally arises in the criminal context, when a defendant challenges the enforcement of a criminal statute or ordinance against him. In that context, the defendant does not claim that the ordinance itself is invalid; rather, the defendant attacks the *prosecution* against him pursuant to that ordinance. The defendant bases his attack on the grounds that the prosecution against him constitutes a selective enforcement and thus violates his right to equal protection under the fourteenth amendment. If the court decides to grant the defendant relief, then it dismisses the criminal indictment against the defendant. The court, however, does not strike down the statute itself: the selective enforcement claim challenges the manner in which the state enforces the statute, and not the statute itself.

In the present case, the plaintiffs bring a selective enforcement claim in the civil context. Just as in the criminal context, this selective enforcement claim provides no basis for the court to invalidate the City ordinance: a selective enforcement claim challenges the enforcement of the ordinance and not the ordinance itself. Nor do the plaintiffs contend, on selective enforcement grounds, that criminal prosecutions against them should be dismissed: although the City did bring criminal charges against some of the plaintiffs, no charges are currently pending. Rather, the plaintiffs request a declaratory judgment that the City's selective enforcement is unconstitutional and an injunction preventing the City from selectively enforcing the ordi-

nance against them.[12]

The district court held that the plaintiffs failed to prove a selective enforcement claim, but even if the plaintiffs could prove their claim, an injunction would not necessarily prevent the City from enforcing the ordinance against them. The court would enjoin the City not to enforce the ordinance against the plaintiffs *selectively*. The City could satisfy such a mandate simply by enforcing the ordinance against all similarly situated violators. Thus, even if the plaintiffs were to succeed on this selective enforcement claim, they could not escape the ordinance's application to them; they could only require the City to enforce it more widely—a result that is clearly not what the plaintiffs desire.

As this discussion demonstrates, the plaintiffs' selective enforcement claim is entirely without purpose. In the context of this civil suit, such a claim is an inappropriate basis for the relief sought by the plaintiffs. We therefore affirm the district court's disposition of this claim as well.

### III.

For the foregoing reasons, we hold that the plaintiffs' contentions are wholly meritless and therefore AFFIRM the district court's disposition of this case. In addition, because the plaintiffs' claims are entirely without merit, we hold under Rule 38 that this appeal is frivolous and that plaintiffs be assessed double costs and attorneys' fees for this appeal. The Clerk of this Court shall fix the double costs, and the District Court on receipt of our mandate, shall determine the amount of the defendants' attorneys' fees for this appeal.

IT IS SO ORDERED.

**12.** In *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975), the Supreme Court held that the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), did not apply when a plaintiff requested an injunction of *future* state criminal prosecutions. The doctrine of course applies when a state criminal prosecution is pending.