Willard **COHRAN**, Plaintiff,

v.

**STATE BAR OF GEORGIA,**
**et al., Defendants.**

**Civ. A. No. 1:91–CV–0797–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 5, 1992.

Willard Cohran, pro se.

David A. Handley, John David Hipes, Smith, Gambrell & Russell, Roger M. Siegel, Beverly Baldwin Martin, Office of State Atty. Gen., Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on motions to dismiss by the Justices of the Supreme Court of Georgia, Superior Court Judges Richard Winegarden and James Henderson[1], the State Bar of Georgia, and William P. Smith, III, General Counsel of the State Bar of Georgia.

## I. FACTS

Plaintiff brought this action under 42 U.S.C. § 1983 and the First, Fifth, Sixth and Fourteenth Amendments seeking injunctive and declaratory relief against defendants. Plaintiff sought a temporary restraining order and permanent injunction enjoining defendants from proceeding with any disciplinary action against plaintiff.

On April 10, 1991 this court denied plaintiff's first motion for a temporary restraining order and/or preliminary injunction. At that time, the Georgia State Bar Review Panel had recommended that plaintiff be disbarred, but the Georgia Supreme Court had not yet issued a final judgment. The court found that plaintiff was not entitled to injunctive relief because he had failed to demonstrate the certainty of irreparable harm. The court also declined to interfere with the ongoing state proceeding under the rule of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

In May of 1991 the Supreme Court of Georgia entered judgment against plaintiff, suspending him from the practice of law for two years beginning June 15, 1991. Arguing that the certainty of irreparable harm had been established and that the concerns of *Younger* no longer applied, plaintiff filed a second motion for temporary restraining order and/or preliminary injunction on June 11, 1991. After oral arguments, the court denied plaintiff's motion to restrain the State Bar of Georgia from implementing the judgment of the Supreme Court of Georgia against plaintiff. However, the court allowed additional briefing rather than dismissing the case at that time.

## II. ABSTENTION

■ It is clear that abstention was proper prior to the rendering of a final decision by the Georgia Supreme Court. "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Com-*

---

1. Judges Winegarden and Henderson were sitting by designation as acting members of the Georgia Supreme Court in place of two justices who disqualified themselves. Judges Winegarden and Henderson are included in all references to the Justices of the Supreme Court.

*mittee v. Garden State Bar Assn.,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982) (citing *Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994 (1979); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604–05, 95 S.Ct. 1200, 1208–09, 43 L.Ed.2d 482 (1975). "[T]he interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792, 95 S.Ct. 2004, 2016, 44 L.Ed.2d 572 (1975). *See also Middlesex,* 457 U.S. at 433, 102 S.Ct. at 2522; *Leis v. Flynt,* 439 U.S. 438, 442, 99 S.Ct. 698, 700–01, 58 L.Ed.2d 717 (1979). In *Middlesex,* the Court held that *Younger* abstention was proper because the New Jersey State Bar disciplinary hearings fell within the constitutionally prescribed jurisdiction of the State Supreme Court and constituted an "ongoing state judicial proceeding," and there was an adequate opportunity to raise constitutional challenges in the state proceedings. 457 U.S. at 432–33, 102 S.Ct. at 2521–22.

Plaintiff rightfully argued that, even when vital state interests are involved, a federal court should not abstain if state law "clearly bars the interposition of the constitutional claims." *Moore v. Sims,* 442 U.S. at 426, 99 S.Ct. at 2379. "[T]he ... pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims...." *Id.* at 430, 99 S.Ct. at 2381.[2] In the case at bar, plaintiff had opportunity to, and in fact did, raise his constitutional challenges to the state proceeding before the Georgia Supreme Court. That plaintiff failed to prevail on federal constitutional grounds does not mean he was denied the opportunity to raise those claims.

### III. MOTIONS TO DISMISS

The court has denied plaintiff's motion for injunctive relief. Plaintiff's claim for damages under § 1983 and, possibly, for equitable relief vacating the decisions of the Georgia Supreme Court against him must now be addressed. Plaintiff has voluntarily dismissed defendant Sweeney. The remaining defendants have moved for dismissal on grounds of lack of subject matter jurisdiction, insufficiency of service of process, judicial immunity, and Eleventh Amendment immunity.

### A. *Subject Matter Jurisdiction*

■ In seeking to nullify the action against him, plaintiff asks this court to act as an appellate court to review a decision of the state's highest court. "Lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970). In *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court ruled that it was impermissible for the Federal District Court to consider allegations that the District of Columbia Court of Appeals acted arbitrarily and capriciously in denying plaintiff's right to sit for bar exam because consideration would require the Federal District Court to review a final judicial decision of the highest court of a jurisdiction in a particular case. *Id.* at 483, 103 S.Ct. at 1316. The Court found the plaintiff's allegations to be "inextricably intertwined with the District of Columbia Court of Appeals' decisions, in judicial proceedings...." *Id.* at 486–87, 103 S.Ct. at 1317.[3] The Court's holding established the *Rooker/Feldman* rule limiting Federal District Court jurisdiction. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149,

---

**2.** When a plaintiff has no reasonable opportunity to raise the constitutional claims, the issue is not considered "inextricably intertwined" with the state court decision. *Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir.1983).

**3.** If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a

judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.
*Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. at 483, 103 S.Ct. at 1316.

68 L.Ed. 362 (1923) (precedent for *Feldman* decision).

### 1. *Decision of State Supreme Court*

To the extent that plaintiff seeks to challenge the judgment of the Georgia Supreme Court, the case must be dismissed for lack of jurisdiction under the *Rooker–Feldman* doctrine. *See Feldman,* 460 U.S. at 482, 103 S.Ct. at 1314–15; *Wood v. Orange County,* 715 F.2d 1543, 1546 (11th Cir.1983) (*Rooker/Feldman* rule applies even if the plaintiff failed to raise federal claims in the state court); *Staley v. Ledbetter,* 837 F.2d 1016, 1017–18 (11th Cir.1988); *Blue Cross and Blue Shield of Maryland, Inc. v. Weiner,* 868 F.2d 1550, 1555 (11th Cir.1989).

Here, as in *Feldman,* "it is important to note in the context of this case the strength of the state interest in regulating the state bar." *Feldman,* 460 U.S. at 483, 103 S.Ct. at 1316. Accordingly,

> [O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between state and federal judicial systems.

*Feldman,* 460 U.S. at 483, 103 S.Ct. at 1316 (quoting *MacKay v. Nesbett,* 412 F.2d 846 (9th Cir.1969).

Despite the clear language in *Feldman* bringing disciplinary actions by state bars within the *Rooker/Feldman* rule, plaintiff argues that because he already had a license to practice law, he has stated a claim for an unconstitutional deprivation of a protected property interest. A plaintiff may not escape the *Rooker/Feldman* rule merely by bringing his action under 42 U.S.C. § 1983. *Kimball v. The Florida Bar,* 632 F.2d 1283, 1284 (5th Cir.1980). In *Kimball* the old Fifth Circuit[4] held that, by challenging his suspension by the Florida State Bar and seeking declaratory and injunctive relief on constitutional grounds, plaintiff was asking "the federal district court to reverse a final, definitive state court order." *Id.* at 1284. The court ruled that "[t]he proper forum for the relief Kimball now seeks was the United States Supreme Court." *See also Sawyer v. Overton,* 595 F.2d 252 (5th Cir.1979) (federal district court without jurisdiction where suspended attorney sought declaratory and injunctive relief under 42 U.S.C. § 1983 "vacating the opinion of the Florida Supreme Court ordering the ... suspension of plaintiff"). The court finds that all of plaintiff's claims must be dismissed under Rule 12(h)(3) for lack of subject matter jurisdiction, even if plaintiff has a protected property interest in practicing law.[5]

### 2. *Challenge to State Bar Rules*

Plaintiff seeks a declaratory judgment that State Bar Rules 4–102 (Standard 4), 4–202, 4–203(a)(2), 4–221(d) and 4–225(d) are unconstitutional because they violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment and because they impinge upon the First Amendment right of free speech and redress. The Supreme Court did recognize that "state supreme courts may act in a non-judicial capacity in promulgating rules regulating the bar." *Feldman,* 460 U.S. at 485, 103 S.Ct. at 1316; *Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 731, 100 S.Ct.

---

**4.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, unless overruled by the Eleventh Circuit *en banc,* are binding precedent in this court. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

**5.** In *Willner v. Committee on Character and Fitness,* 373 U.S. 96, 102, 83 S.Ct. 1175, 1179–80, 10 L.Ed.2d 224 (1963), the Court held that "the requirements of procedural due process must be met before a State can exclude a person from practicing law." Defendants' argument that plaintiff has no property interest in his license or right to practice law is clearly contradicted by a long line of federal and state constitutional case law. However, *Willner* came to the Supreme Court on appeal from New York's highest state court and, therefore, does not aid petitioner's claim.

1967, 64 L.Ed.2d 641 (1980); *In re Summers*, 325 U.S. 561, 566, 65 S.Ct. 1307, 1310, 89 L.Ed. 1795 (1945). Thus, a constitutional challenge to state bar rules may not require the court to review a final state court judgment rendered in a judicial proceeding, and if not, there is no bar to jurisdiction under 28 U.S.C. § 1257 and the *Rooker/Feldman* rule. See *Feldman*, 460 U.S. at 486, 103 S.Ct. at 1317 ("United States District Courts, therefore, have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case."). Assuming that the court can hear plaintiff's constitutional challenges to the State Bar Rules, they are meritless and subject to dismissal under Rule 12(b)(6).

██ Rule 4–102 sets forth the Standards of Conduct for members of the State Bar of Georgia and provides for punishment of members violating those standards. The fact that the "power to administer a greater punishment shall include the lesser" does not mean that members are not put on notice of the action that may be taken against them. The available sanctions are listed in descending order of severity. Thus, any person of minimal intelligence could discern the possible punishment for violating a certain standard. Plaintiff was suspended for violating Standard 4, which provides, "A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation. A violation of this standard may be punished by disbarment." Plaintiff's contention that this standard does not put him on notice of the proscribed conduct or of the possibility of the lesser sanction of suspension is without merit.

██ Rule 4–202 gives the Office of the General Counsel of the State Bar of Georgia the power to screen complaints against members of the bar and to "dismiss those complaints which are unjustified, frivolous, patently unfounded or which fail to state facts sufficient to invoke the disciplinary jurisdiction of the State Bar of Georgia...." Rule 4–202(b), (c). Rule 4–203 gives the Investigative Panel of the State Disciplinary Board the power to "initiate complaints on its own motion, to require additional information from a complainant, where appropriate, and to dismiss and reject such complaints as to it may seem unjustified, frivolous, or patently unfounded...." Rule 4–203(a)(2). Plaintiff argues that the discretion given by these rules allows for malicious and selective prosecution in violation of the equal protection clause of the Fourteenth Amendment. Plaintiff also argues that Rule 4–221(d), which provides for confidentiality of all investigations and proceedings prior to the time the action is filed with the Georgia Supreme Court, unless a respondent otherwise elects, is an unconstitutional "secrecy rule" that prevents him from discovering evidence in support of his equal protection claim.

There is no basis for arguing that the provision for screening of complaints is unconstitutional on its face. The State Bar Rules guide the General Counsel and the Investigative Panel in deciding whether to pursue a disciplinary action.

Plaintiff's challenge cannot be taken seriously without discarding the time-honored principle of prosecutorial discretion. Further, "[t]he 'naked assertion' that a regulatory system could be improperly applied does not state a claim on which relief may be granted." *Davidson v. State of Georgia*, 622 F.2d 895, 897 (5th Cir.1980) (challenge to rules governing admission to State Bar and examination procedures). Finally, a selective enforcement claim seeking declaratory or injunctive relief to prevent the application of a rule or ordinance to the plaintiff is not a challenge to the rule but to the action of the entity enforcing it. *Geaneas v. Willets*, 911 F.2d 579, 587–88 (11th Cir.1990). *Younger* prohibits a Federal District Court from hearing a constitutional challenge to a state rule when the result plaintiff seeks is the injunction of a pending criminal or quasi-criminal action. *Geaneas*, 911 F.2d at 587 n. 12. Even though the state proceeding is complete and *Younger* abstention is arguably no longer a concern, ordering the state to

cease selective enforcement of its disciplinary rules would not necessarily afford plaintiff any relief. The state could comply with such an order by sanctioning every other member of the bar who was similarly situated rather than rescinding the action against plaintiff. *Geaneas,* 911 F.2d at 588. Consequently, a complaint attacking the constitutional validity of a rule or ordinance under a selective enforcement theory does not state a claim upon which relief may be granted. *Id.*

 State Bar Rule 4–225 provides "The State Disciplinary Board and any person who is connected with disciplinary proceedings in any way shall not be subject to the jurisdiction of any court other than the Supreme Court with respect thereto, except as provided in Rules 4–214, 4–215 and 4–216." Plaintiff claims this rule is unconstitutional because it bears no rational relation to any legitimate state interest. The court disagrees. It is well established that the states have a strong interest in regulating the practice of law. *Feldman,* 460 U.S. at 483, 103 S.Ct. at 1316. Rule 4–225 does not deprive plaintiff of an opportunity to present his case. It merely specifies the forum for challenging actions of the State Bar. The rule is not constitutionally suspect.

The court construes plaintiff's complaint as challenging the actions taken against him personally, and not the general rules and procedures governing the discipline of attorneys licensed to practice law in Georgia. The crux of plaintiff's claim is that the discretion given the State Bar was exercised unconstitutionally in his case. Title 28 U.S.C. § 1257 bars the exercise of jurisdiction over "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486, 103 S.Ct. at 1317. Only the United States Supreme Court may review those

decisions. *Id.* at 486, 103 S.Ct. at 1317; 28 U.S.C. § 1257.

## B. *Failure to Effect Service*

Fed.R.Civ.P. 4(c)(2)(A) provides that service must be made by a person over 18 years of age who is not a party. Plaintiff Cohran himself served the complaint on all defendants. Plaintiff first attempted service on defendants on April 10, 1991. Defendants filed motions to dismiss partly on grounds of insufficiency of service on April 26, 1991. However, proper service was not made on defendants within the 120–day time limit provided in Rule 4. Therefore, dismissal of the action is required under Fed.R.Civ.P. 12(b)(2) and 12(b)(5).

## C. *Judicial Immunity*

 The doctrine of judicial immunity protects judicial officers from judgments for money damages in civil rights suits against them. *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Emory v. Peeler,* 756 F.2d 1547, 1552–53 (11th Cir.1985). When a judicial officer acts within his judicial capacity and his conduct does not clearly fall outside his subject matter jurisdiction, he is entitled to absolute judicial immunity. *Stump,* 435 U.S. at 362, 98 S.Ct. at 1107–08; *Emory v. Peeler,* 756 F.2d at 1553. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Emory v. Peeler,* 756 F.2d at 1553.[6]

 State bar disciplinary proceedings are judicial in nature. *Feldman,* 460 U.S. 462, 482 n. 15, 103 S.Ct. 1303, 1314 n. 15;

---

**6.** Judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his judicial capacity. *See Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Slavin v. Curry,* 574 F.2d 1256, 1264, *modified* and *reh'g denied,* 583 F.2d 779 (5th

Cir.1978). However, the only injunctive relief available to plaintiff at this time would to vacate the decision of the Georgia Supreme Court that found plaintiff deserving of discipline. Such relief is clearly barred by the *Rooker/Feldman* doctrine.

*Middlesex,* 457 U.S. 423, 102 S.Ct. 2515; *Slavin v. Curry,* 574 F.2d 1256, 1264, *modified and reh'g denied,* 583 F.2d 779 (5th Cir.1978) (members of county bar association's grievance committee were entitled to absolute or judicial immunity). The State Bar of Georgia is an agent of the Supreme Court of Georgia. O.C.G.A. § 15–19–31. Punishment imposed by the state bar is a judicial act. *See Slavin v. Curry,* 574 F.2d at 1264. Further, it was the Georgia Supreme Court, and not the State Bar, that ordered the suspension of plaintiff. This was clearly a judicial act within the constitutional power of the State Supreme Court. *See Carpenter v. State,* 250 Ga. 177, 297 S.E.2d 16 (1982); *Wallace v. Wallace,* 225 Ga. 102, 112, 166 S.E.2d 718 (1969); *Attwell v. Nichols,* 466 F.Supp. 206, 209 (N.D.Ga.), *aff'd,* 608 F.2d 228 (5th Cir. 1979).

Defendants have shown additional grounds for dismissal under Rule 12(b)(6). All defendants are entitled to judicial immunity from liability for damages. Plaintiff is not entitled to present evidence in support of his claims against them. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Plaintiff's claims for equitable relief do not fall within the court's jurisdiction.

### D. *Eleventh Amendment Immunity*

■ There is one additional ground for dismissal. The Eleventh Amendment bars suits against a state by the citizens of that state, unless the state has specifically waived its immunity from tort suits in federal courts. *Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984); *Schopler v. Bliss,* 903 F.2d 1373, 1378 (11th Cir.1990). The amendment also bars claims for compensatory money damages against state officials named in their official capacities when a party seeks "to impose a liability which must be paid from public funds in the state treasury" because the state is the real party in interest. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974); *Pennhurst,* 465 U.S. at

103, 104 S.Ct. at 909; *Armstead v. Coler,* 914 F.2d 1464, 1467 (11th Cir.1990); *Harden v. Adams,* 760 F.2d 1158, 1163 (11th Cir.1985). Claims for compensatory damages against government officials or employees in their official capacity are treated as suits against the governmental entity that the individuals represent. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985). The court looks to state law to determine whether an entity is considered an "agency or instrumentality" of the state that is protected by the amendment. *Mt. Healthy City School Dist. Bd. of Educa. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Harden v. Adams,* 760 F.2d at 1163. *See Lewis v. Louisiana State Bar Ass'n,* 792 F.2d 493 (5th Cir.1986). (amendment bars suit against the State Supreme Court and against the State Bar Association).

■ The Eleventh Amendment also bars suits for injunctive or other equitable relief against the state or its agencies and instrumentalities. *Papasan,* 478 U.S. at 276, 106 S.Ct. at 2939; *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). However, the amendment does not bar such claims against state officials in their official capacity. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). A federal court may afford equitable relief against state officials on federal law grounds. *Id.; Papasan,* 478 U.S. at 276–277, 106 S.Ct. at 2939–40; *Armstead v. Coler,* 914 F.2d at 1468.

■ The Georgia Supreme Court is an arm of the State of Georgia. The State Bar is an arm of the Georgia Supreme Court. The complaint alleges that actions taken by the individual defendants were in their official capacities. Therefore, the claims for compensatory damages against all defendants are, in reality, claims against the state and are barred by the Eleventh Amendment. The conceivable claim not subject to dismissal under the amendment would be one for equitable relief ordering

the justices of the State Supreme Court to rescind or vacate their order disciplining plaintiff. That claim is barred under the *Rooker/Feldman* rule. Plaintiff has failed to state any claim upon which relief may be granted.

### III. CONCLUSION

The court finds that this action must be dismissed for lack of subject matter jurisdiction, insufficiency of service of process, and for failure to state a claim upon which relief may be granted. The motion to dismiss by the Georgia Supreme Court and the Court's Justices [5–1] is GRANTED. The motion to dismiss by the State Bar of Georgia and its General Counsel [16–1] is GRANTED. The motion to dismiss by Timothy J. Sweeney [7–1] is DENIED as moot. Plaintiff's proper method of challenging the action of the Georgia Supreme Court is to petition for certiorari before the United States Supreme Court.

SO ORDERED.