HILL, Senior Circuit Judge, dissenting:

I dissent and I state my reason succinctly:[1]  "The fleas come with the dog."

First, there is no issue as to whether or not the federal law, FECA, preempts state law.  It does so, explicitly.  Therefore, what federal law controls, state law may not.

That is not the end of the inquiry.  The preemption is coextensive with FECA - no more, no less.  So, we should determine how far FECA goes.  We may look to legislative history to understand FECA.[2]

In Reeder v. Kansas City Bd. of Police Comm'rs, 733 F.2d 543 (8th Cir. 1984), the Eighth Circuit did just that:

> The conference report on the bill that became the 1974 amendment leaves little room for doubt on this question.  The report says:
>
> > It is the intent of the conferees that any State law regulating the political activities of State and local officers and employees is not preempted or superseded by the amendments to title 5, United States Code, made by this legislation.
>
> S.Conf.Rep. No. 93-1237, 93d Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Ad.News 5587, 5618, 5669.  Furthermore, right before the conference report was agreed to by the Senate, a colloquy took place between Senator Stevens and Senator Cannon that covers this very point.  Senator Cannon was Chairman of the Committee of

---

[1]  Today, our panel's judgment does, in effect, release appellee Teper from restraint of Georgia law.  While I disagree, I realize that this judgment ought to be mandated right away.  I should not be the instrument of delay while engaging in lengthy opinion writing. [NOTE: This was written and submitted while the Georgia legislature was still in session.]

[2]  Briefs have argued, correctly, that we need not look to the legislative history of this Act to determine preemption vel non.  That is correct, but the extent of the reach of FECA, and, therefore, just *what* it preempts, is not so clear.

Our majority finds comfort, in footnote 7 to the opinion, in noting that, long after the passage of FECA and its 1974 amendment, the Commission submitted its proposed regulation to Congress and was not allowed to promulgate it prior to the expiration of thirty days.  Noting that Congress did not disapprove the proposed regulation, our majority believes that this suggests a congressional interpretation of FECA in accord with that of the Commission.

We have a long line of cases, however, which hold that once a bill has become an Act, the interpretation of it is for the Third Branch.  Post hoc expressions by legislators--what then-Judge Scalia called "subsequent legislative history"--is of no weight.  See Gott v. Walters, 756 F.2d 902, 914 (D.C. Cir. 1985).

> Rules and Administration, from which the bill was reported, senior conferee on the part of the Senate, and manager of the bill on the Senate floor, so his remarks must be given special weight in determining what Congress meant to say. Mr. Cannon stated that "any State law regulating the political activity of State or local officers or employees is not preempted [or] . . . superseded." 120 Cong.Rec. 34386 (Oct. 8, 1974). "It [would be] . . . up to the State to determine the extent to which they may participate in Federal elections.[.]" Ibid. (remarks of Senator Stevens).

Reeder, 733 F.2d at 545-46.

When a law says that one may avail oneself of a right - as FECA says a federal candidate may solicit and receive campaign funds - that law does not forbid the candidate from voluntarily surrendering that right.

It happens all the time.

Georgia law, itself, circumscribes participation in charitable fund raising activities. See O.C.G.A. § 43-17-2, et seq. If one meets and complies with the requirements, it would seem that one may conduct a fund raising campaign.

But I think that a judge may not. Fund raising would violate a canon applicable specifically to the office. See Georgia Code of Judicial Conduct, Canon 5B(2). The judge has accepted a position of trust. By doing so, he or she has relinquished the right to solicit funds, though all the rest may do so. So you see, the fleas, do indeed, come with the dog.

The above does not implicate preemption. It illustrates proper construction of statutes in apparent tension but fully compatible.

The same principles of construction may be employed where preemption of one rule is clear. Our Bill of Rights trumps all aces. No provision of law is more preemptive.

For example, free expression is protected by the First Amendment; there may be no state law to the contrary. Indeed, in spite of some strong disapproval of states

2

(and many of their citizens), some conduct deemed free expression embodied in rather bizarre entertainment is not subject to state regulation. See Barnes v. Glen Theatre, Inc., 501 U.S. 560 (1991); see also Redner v. Dean, 29 F.3d 1495 (11th Cir. 1994).

At the same time, the sale and consumption of beverage alcohol is peculiarly subject to state regulation. When the Eighteenth Amendment's "war on whiskey" ended with the Twenty-first Amendment, control of alcohol was given to the states.

The upshot of this is that, while Georgia may not prohibit scantily clad terpsichorean performers from performing (it's protected expression), Georgia can absolutely prohibit the sale of alcohol at places where dancers dance. See New York State Liquor Authority v. Bellanca, 452 U.S. 714 (1981); see also Geaneas v. Willets, 911 F.2d 579 (11th Cir. 1990). The state, preempted by the First Amendment, is not undertaking to regulate dancers qua dancers. It is validly regulating the sale and consumption of alcohol qua alcohol.

In the case before us, I see no indication that Georgia has undertaken to regulate candidates for federal office qua candidates. The state undertakes - validly, I believe - to regulate its legislators qua legislators. If appellee Teper feels that he has unwisely encumbered himself by becoming a legislator, he holds the key to his release in his own pocket.

I have undertaken to be deferential to the conclusions of the Federal Election Campaign Commission that its power trumps this state law, but I remain convinced that its interpretation is flawed. I really doubt that the reach of FECA is more preemptive than the First Amendment.

I would reverse.