**J & B SOCIAL CLUB, # 1, INC. d/b/a The Candy Store and Jennifer Q. Bodiford, Plaintiffs,**

v.

**The CITY OF MOBILE, et al., Defendants.**

**Civil Action No. 96–0246–BH–S.**

United States District Court, S.D. Alabama, Southern Division.

March 26, 1996.

---

Slade Watson, Mobile, AL, for plaintiffs.

Roderick P. Stout, Mobile, AL, for defendants.

## ORDER

HAND, Senior District Judge.

The plaintiffs J & B Social Club, Inc., d/b/a The Candy Store (hereinafter "The Candy Store") and its owner Jennifer Bodiford bring this cause of action for injunctive relief and monetary damages against the City of Mobile and its city council members, public safety director, chief of police, and mayor. The action is currently before the court on plaintiffs' motion [1] for a preliminary injunction, enjoining the city from enforcing a recently enacted city ordinance (1996 Ordinance 03–003) which, at its core, bans topless dancing in bars. The action is also before the court on defendants' motions [2] to dismiss all individually named defendants, in both their individual and official capacities, except the City of Mobile.[3] This court has original subject matter jurisdiction over the claim pursuant to 28 U.S.C. § 1331.

The matter came on for hearing on the motions on March 19 and 20, 1996. At the hearing, plaintiffs requested, and both parties were granted, until Friday, March 22, 1996, to provide the court with supplemental legal memoranda. It is now ripe for review.

## I. PROCEDURAL BACKGROUND AND CLAIMS

This action comes on the heels of another challenge to the constitutionality of the same ordinance, *Sammy's of Mobile, LTD. v. City of Mobile*, 96–0176–BH–M, and makes several of the same arguments as those asserted in the *Sammy's* case. In *Sammy's*, the plaintiffs raised a number of first amendment claims,[4] and also challenged the ordinance on

---

1. Tab 2.

2. Tabs 6 and 8.

3. Plaintiffs also made an oral motion to dismiss the city council members with leave to amend the complaint to add them at a later time.

4. The plaintiffs in *Sammy's* raised the first amendment issue of overbreadth in the com-

grounds of vagueness, taking without just compensation in violation of the Fifth Amendment, and violation of substantive and procedural due process. The court will confine its review in the present case to issues which were not adjudicated in *Sammy's*.

This case presents a pre-enforcement challenge[5] to the validity of Ordinance 03–003. The theories raised by the plaintiffs attack the ordinance on both facial and applied grounds. First, plaintiffs argue that the ordinance is *res judicata* as to them and therefore unenforceable against The Candy Store. Second, plaintiffs allege that the city plans to selectively enforce the ordinance only against bars with female topless dancers in violation of the Equal Protection Clause of the Fourteenth Amendment. Third, plaintiffs argue that the ordinance invidiously discriminates against women in that it defines nudity as encompassing female and not male breasts, again in violation of the Equal Protection Clause. Fourth, the plaintiffs argue that the ordinance is void for vagueness.[6] Finally, the plaintiffs argue that the ordinance is overbroad.

■ To be entitled to a preliminary injunction, a movant must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest." *Levi Strauss & Co. v. Sunrise International Trading Inc.*, 51 F.3d 982, 985 (11th Cir.1995). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981).

Upon review of the pleadings, the plaintiffs' briefs in support of the motion, the defendants' brief in opposition, and the evidence in the record and the oral arguments by counsel, the court finds that the plaintiffs have not demonstrated a substantial likelihood of success on the merits of their respective claims. For the reasons assigned below, the motion for a preliminary injunction in favor of the plaintiffs and against the City of Mobile is due to be and hereby is **DENIED**.[7]

## II. DISCUSSION

While the plaintiffs' arguments are primarily directed at the constitutionality of the ordinance, the court will begin with a statutory construction argument that has nothing to do with plaintiffs' constitutional arguments *per se*, because, if taken at face value, the court would be obliged to dismiss this case.

■ At oral argument and in his post-trial brief, plaintiffs strenuously argue that the ordinance as written does not regulate female topless dancing in establishments with on-premise liquor licenses.[8] Indeed, the plaintiffs argue that the ordinance does not forbid any *actual* nudity or sexual conduct in bars at all. Plaintiffs rest this argument on the prohibiting language in paragraph B of the ordinance, which proscribes, "any motion picture, show, performance, or other presentation upon the licensed premises, which, in whole or in part, *depicts* nudity or sexual conduct or any simulation thereof" (emphasis

---

plaint, but did not argue overbreadth in the motion for a temporary restraining order. Consequently, the court did not specifically address overbreadth in denying that motion.

5. The city has directed its police force to withhold enforcement of the ordinance until its constitutionality can be ascertained by the courts. While there has been no actual enforcement of the ordinance, the record does reflect that, in response to a 911 call, Mobile police entered Sammy's topless bar for observation. There is no evidence that any such visits were made to the plaintiffs' establishment. To date, no arrests have been made for violation of the ordinance.

6. This court only addressed the vagueness issue in summary fashion in the *Sammy's* case, because the plaintiffs there made no attempt to demonstrate how the ordinance was vague or even how they had standing to challenge its vagueness.

7. It is important to note that this action is not before the court for final adjudication of the claim, but merely on a motion for a preliminary injunction. The decision of the court today does not determine or even impact upon the ultimate disposition of the case.

8. See, e.g., Plaintiffs' Post–Trial Memoranda Brief, at p. 10.

added). The verb "depicts," according to the plaintiffs, means that the ordinance bans only the depiction of nudity, not actual nudity, despite the fact that the ordinance on its face addresses "the disturbances associated with mixing alcohol and nude dancing." In other words, a performance consisting of naked dancing pictures would be illegal, but not one consisting of actual nude or topless dancers. The court declines to place this nonsensical construction on the ordinance,[9] and will address the plaintiffs' remaining claims.

### A. Res Judicata

■ Sometime in 1991, the City of Mobile filed an action against The Candy Store seeking monetary damages and specific performance of a contract in which The Candy Store agreed not to offer topless dancing at its establishment. The Candy Store denied that it had violated a valid contract with the city and filed a counterclaim seeking $2,000,000 in damages for violation of their constitutional rights. Both the original suit and the counterclaim were dismissed upon the parties' settlement of their claims.

Plaintiffs now urge that the enforcement of the ordinance is barred by the doctrine of *res judicata*. This, of course, would render the rest of the plaintiffs' claims moot and, incidently, might also effectively grant the plaintiffs a monopoly over the topless bar business in Mobile.

■ "Res judicata, or claim preclusion, bars relitigation of matters that were litigated or could have been litigated in an earlier suit." *Manning v. City of Auburn*, 953 F.2d 1355 (11th Cir.1992). Plaintiffs, without being able to cite any legal authority, ask this court to extend the doctrine of *res judicata* beyond the judicial relitigation of a *legal claim* to bar the passage and enforcement of a *legislative initiative*. What is more, the legislative initiative of which the plaintiffs seek to bar enforcement was neither at issue or even in existence during the earlier litigation. Plaintiffs do not have a substantial likelihood of succeeding on the merits of this claim.

### B. Selective Enforcement

Plaintiffs claim that the city intends to enforce the ordinance in a discriminatory and unequal manner by singling out topless bars for prosecution. Plaintiffs argue that the ordinance on its face applies to the activities of numerous other establishments. The city responds that the ordinance is not as broad as the plaintiffs believe and therefore declines to enforce it as such.

■ To prevail on a selective prosecution claim, the plaintiffs must show that they have been "singled out for prosecution while others similarly situated and committing the same acts have not been prosecuted." *Fillingim v. Boone*, 835 F.2d 1389, 1399 (11th Cir.1988). Plaintiffs must also show that the government prosecuted them invidiously or in bad faith. *Id.*, at p. 1399. "The invidiousness requirement is satisfied only if it can be established that the government's selective prosecution is motivated by constitutionally impermissible motives such as racial or religious discrimination or interference with the legitimate exercise of constitutional rights." *Lanier v. City of Newton*, 842 F.2d 253 (11th Cir.1988).

■ In the present case, plaintiffs present a pre-enforcement challenge. Other than a police visit to a different topless bar, the city has not yet attempted to enforce this ordinance. Plaintiffs' only damages, if any, result from the passage of the ordinance and its *expected* enforcement. To the extent plaintiffs may have suffered these damages, there is no causal connection between such damages and their claim of *selective* enforcement. Plaintiffs' selective enforcement claim is therefore not yet ripe for adjudication.[10]

**9.** If the court were to construe the ordinance as narrowly as the plaintiffs urge, their action for injunctive relief and $2,000,000 in damages against the city would be non-justiciable on both standing and ripeness grounds.

**10.** Plaintiffs have another problem with their selective enforcement claim. The court can dismiss an indictment on a selective prosecution claim, but it cannot invalidate the statute itself. Even if the court could reach this claim and plaintiffs were found to be likely to succeed on the merits, the court could not grant the plaintiffs the remedy they seek, non-enforcement. The court could only require the city to enforce the ordinance equally against all others similarly

See, e.g., Diversified Numismatics, Inc. v. City of Orlando, Fl., 949 F.2d 382, at 388–390 (11th Cir.1991).

### C. Invidious Discrimination

■ As evidence for their selective enforcement claim, plaintiffs contend that the city has stated that it does not intend to enforce the ordinance against bars that allow male topless dancing. Since the ordinance does not say anything about male topless dancing in bars, the failure to enforce it against this activity has nothing to do with a selective enforcement claim under the Fourteenth Amendment. Rather, the plaintiffs' claim here, as set out only in their oral argument and post-trial brief, is one of invidious gender discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiffs have not adequately raised this claim in their complaint or in their motion for a preliminary injunction. The only portion of their complaint which might be said to relate in any manner to gender discrimination is in Section IId, wherein the plaintiffs list a number of hypothetical questions. Among these questions is the following: "On what rational basis may the ordinance discriminate between the male and female breast?" [11] This is the only question in the series which mentions discrimination at all, and it is raised not in the context of a gender discrimination claim but in support of plaintiffs' arguments on vagueness and overbreadth. Moreover, "rational basis" is not the relevant test for gender discrimination under the Equal Protection Clause. If the plaintiffs wish the court to rule on this issue, they must ask for leave of court to amend their complaint. See generally Fed.R.Civ.P. 15.

### D. Vagueness and Overbreadth

In contrast to their gender discrimination claim, plaintiffs raise specific claims of vagueness and overbreadth in their complaint and in their motion for a preliminary injunction. Plaintiffs' challenge here is primarily a facial one; they state that, "The Ordinance does

not contain any severability or savings clause, and consequently Plaintiffs contend that the Ordinance must stand or fall in its entirety." See Complaint (tab 1), ¶ 18 and Motion for a Preliminary Injunction (tab 2), ¶ 17.

■ Vagueness and overbreadth are separate claims. Strictly speaking, a vagueness claim arises under the due process clause of the Fourteenth Amendment. The vagueness doctrine, "incorporates notions of fair notice or warning. Moreover, it requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent 'arbitrary and discriminatory enforcement.'" Smith v. Goguen, 415 U.S. 566, 571, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605 (1974). On the other hand, a statute is overbroad when, though it is designed to regulate or prohibit activities which are not constitutionally protected, it also includes within its scope activities which are protected by the First Amendment. When first amendment rights are involved, as they are here, the claims of vagueness and overbreadth necessarily overlap, though the claims are still distinct. The court will therefore treat these two claims separately.

### i. Vagueness

"Words inevitably contain germs of uncertainty." Broadrick v. Oklahoma, 413 U.S. 601, 608, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830 (1973). In analyzing a vagueness claim, the Court has indicated that, "there are limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." Id., at p. 608, 93 S.Ct. at p. 2914, (explaining that § 818 of the Hatch Act was not unconstitutionally vague) (emphasis added).

■ "A plaintiff who engages in some conduct that is clearly proscribed cannot

---

situated to the plaintiffs. See e.g., Geaneas v. Willets, 911 F.2d 579, at 587 (11th Cir.1990).

11. See Complaint, ¶ 16(g), p. 10.

complain of the vagueness of the law as applied to others." *Village of Hoffman Estates, et al., v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102, S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). As applied to them, plaintiffs' claim of vagueness [12] is not ripe because the statute has yet to be enforced against them. Because plaintiffs have raised their challenge prior to enforcement, only a facial challenge is justiciable.[13] *See Diversified Numismatics, Inc. v. City of Orlando, Fl.,* 949 F.2d 382, 387 (11th Cir.1991) ("Furthermore, because the Orlando ordinance has yet to be applied against the appellants, they must show that the ordinance 'is impermissibly vague in all of its applications'") (citing *Village of Hoffman Estates,* 455 U.S. at 497, 102 S.Ct. at 1192).

■ As for the plaintiffs' claim of facial vagueness, the ordinance clearly is not vague in all of its applications. There is no question that it prohibits topless female dancing in a bar such as the one owned and operated by the plaintiffs. Moreover, topless female dancing, an activity offered by the plaintiffs, falls squarely within the hard core of the ordinance's proscriptions. *See e.g., Broadrick,* 413 U.S. at 608, 93 S.Ct. at 2913–14. The plaintiffs are not substantially likely to succeed on the merits of their vagueness claims.

*ii. Overbreadth*

Plaintiffs' main contention is that the ordinance is overbroad; that is, it criminalizes some activity protected by the First Amendment in an unconstitutional manner.[14] Specifically, plaintiffs claim that the ordinance criminalizes the presentation of magazines or posters with topless women or otherwise nude persons in both on-premise and off-premise liquor licensees. Plaintiffs have entered a number of such magazines and posters into the record of this case, ranging from completely nude pornography to pictures of artwork in *Harper's Bazaar.*

■ Unlike a vagueness challenge, the Supreme Court has recognized an exception to the traditional standing requirements of parties raising overbreadth challenges, due to the chilling effect on free speech an overbroad statute may have. *Broadrick,* 413 U.S. at 610–613, 93 S.Ct. at 2915–16. The court has characterized this departure from the standing requirement as "strong medicine," which is to be applied "sparingly" by the Court and not when "a limiting construction has been or could be placed on the challenged statute." *Broadrick,* 413 U.S. at 613, 93 S.Ct. at 2916. Plaintiffs therefore have standing to challenge the overbreadth of the ordinance on the grounds that it may criminalize, for example, the sale of *Harper's Bazaar* or *Sport's Illustrated* in a typical grocery store licensed to sell beer or wine.

■ Although this court is prepared to construe the ordinance in a manner which does not implicate first amendment rights,[15] it declines to do so here, again for reasons of justiciability. The plaintiffs have *standing* to raise their overbreadth claim, but such overbreadth claim is still not *ripe.*[16] *See Village of Hoffman Estates,* 455 U.S. at 503, n. 21, 102 S.Ct. at 1196, n. 21 ("The theoretical possibility that the village will enforce its ordinance against a paper clip next to Rolling

12. Among the terms in the ordinance the plaintiffs claim to be unconstitutionally vague are the following: "opaque covering," "pubic area," and "buttocks."

13. Plaintiffs have no way of predicting which aspects of the ordinance may be applied against them or not. Therefore, they must argue that the ordinance is vague in every respect.

14. This court has already stated that, "the Mobile ordinance falls within a long line of cases upholding the states' authority to prohibit nude dancing in clubs licensed to sell alcohol." *Sammy's of Mobile, Ltd. v. City of Mobile,* 96–0176, Order of March 6, 1996, at p. 7. Therefore, the court will not address the plaintiffs' first amendment overbreadth argument to the extent that it involves topless dancing.

15. It does not take a rocket scientist to interpret this ordinance, and any reasonably intelligent person applying common sense would not read it as broadly as urged by the plaintiffs.

16. No state court has had the opportunity to construe the meaning of the ordinance at issue here. In addition to the justiciability argument, the court is also mindful of the principle of comity, which mitigates against a federal court construing a state statute before the state courts have had the opportunity to do so.

**1248**

Stone Magazine, 639 F.2d, at 382, is of no due process significance unless the possibility ripens into a prosecution"). *See also Poe v. Ullman,* 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961). There is simply no current threat of enforcement of this ordinance against either those licensed only for sale of alcoholic beverages for off-premises consumption or against those establishments licensed for on-premises consumption and who sell or present nude magazines or posters. The city has repeatedly stated that it currently intends to enforce the ordinance against bars that engage in topless dancing, nothing more. Plaintiffs may not force an adjudication of a constitutional question on the highly speculative possibility that the city might prosecute grocery stores for selling magazines containing nude art or skimpy swimsuits. Such a ruling would amount to an advisory opinion in violation of Article III. Because the court declines to reach this issue, it finds that the plaintiffs have not demonstrated a substantial likelihood of success on the merits.

### III. CONCLUSION

For the foregoing reasons, the plaintiffs' motion for a preliminary injunction is **DENIED**.

Additionally, at oral argument, counsel for the plaintiffs indicated that he was not sure whether plaintiff had a right of recovery against any of the individually named defendants, other than the City of Mobile. The defendants' motions to dismiss all the named plaintiffs except the city are **GRANTED**. Plaintiffs may file for leave of court to amend the complaint to add some or all of the defendants if it can show how recovery against them would be possible given the 11th Circuit's interpretation of the law on qualified immunity.

**SO ORDERED.**